*683 OPINION OF THE COURT
Rose H. Sconiers, J.
Defendants, Judith T. Heppner, as voluntary administratrix of the estate of Kenneth Heppner, and Judith T. Heppner, individually, by notice of motion seek an order dismissing the causes of action of plaintiff, Boston Valley Collision, Inc. (hereafter plaintiff BVC, Inc.), and plaintiff, Travelers Insurance Company, as assignee of the claim of Boston Valley Collision, Inc. (hereafter plaintiff Travelers), for lack of jurisdiction (CPLR 3212, 214 [4]).
The underlying claim is for damages, allegedly occurring on June 22, 1990, when defendant, Robert L. Pfluger, while under contract to defendants Heppner, caused a tree to fall upon plaintiff BVC, Inc.’s buildings and property. Damages totalled approximately $75,000.
Because of a lack of coordination between BVC, Inc.’s corporate counsel and counsel for BVC, Inc.’s carrier, separate efforts were made to commence suit. This motion, therefore, addresses the many efforts of plaintiffs to comply with the July I, 1992 amendment to the CPLR which provided a "filing” method for commencing suit, and which now determines whether the Statute of Limitations is initially satisfied. (CPLR 304, 306-a, 306-b.)
Acting independently, action was commenced by each plaintiff, pursuant to CPLR 304. Plaintiff Travelers on June II, 1993, filed a summons and complaint at the Erie County Clerk’s office designating only Kenneth Heppner and Robert Pfluger as defendants. A summons with notice was filed by plaintiff BVC, Inc., on June 16, 1993, naming as defendants Pfluger and Kenneth Heppner and Judith Heppner, husband and wife.
Thereafter, plaintiff Travelers attempted service on July 1, 1993, by leaving a copy of its summons and complaint with Mrs. Heppner and by mailing a second copy to defendant Kenneth Heppner’s home. Proof of service was filed in the Clerk’s office on July 13,1993. Unfortunately, defendant Kenneth Heppner had passed away on June 1, 1993. On learning this fact from defense counsel, plaintiff BVC, Inc., having also served Mrs. Heppner, elected not to file any proof of service, but rather chose to rely upon the tolling provisions provided in CPLR 1015 and await the appointment of a personal representative for Kenneth Heppner and to re-serve Mrs. Heppner in both her individual capacity and as legal representative for her husband’s estate.
*684 For its part, defense counsel served on plaintiff Travelers an answer raising jurisdictional defenses and served an appearance on plaintiff BVC, Inc. Plaintiff BVC, Inc., responded with service of its complaint, to which no answer was made, apparently because no proof of service was timely filed. In any event, plaintiff took no further action and did not seek a default judgment within a year of default. (CPLR 3215 [a].)
On September 1, 1994, Judith Heppner was appointed administratrix of her husband’s estate. As a consequence, plaintiff BVC, Inc. amended its summons and complaint naming as defendants Judith Heppner, both individually and as administratrix, and effected service on November 22, 1994. Both the amended summons and complaint and proof of service were, however, belatedly filed in the Clerk’s office on November 29, 1994. Still uncertain of the status of its suit, plaintiff BVC, Inc., re-served defendants on December 1, 1994, and refiled proof of service on March 6, 1995. Plaintiff Traveler's, utilizing plaintiff BVC, Inc.’s corporate counsel, similarly amended its summons and complaint, which corporate counsel filed on November 30, 1994, and also served on December 1, 1994. Proof of service was filed on March 15, 1995.
Defendants’ answers, interposed on December 16,1994, again asserted, among other things, the affirmative defenses of lack of jurisdiction and failure to commence an action within the applicable period of limitations. Defendants now seek summary judgment on the defenses raised (CPLR 3212).
Plaintiffs cross-move for an order dismissing defendants’ motion in its entirety or for an order granting permission to file amended summonses and complaints and proof of service, nunc pro tunc, that is, presumably for a time that this court finds would preserve jurisdiction over defendant, Judith Heppner, both individually and as administratrix.
Upon review of the supporting affidavits, submitted documentation and legal memoranda, it appears to this court that suit was not timely commenced by either plaintiff against decedent, Kenneth Heppner, or defendant, Judith Heppner, as administratrix, and although timely commenced, by plaintiff BVC, Inc., as against Judith Heppner, individually, this suit is now subject to defendant’s motion to dismiss, as abandoned. (CPLR 3215 [c].) It further appears that plaintiff Travelers, having made no attempt to file suit against Judith Heppner, individually, before the running of the Statute of Limitations on June 21, 1993, that its later efforts to do so are time barred.
In their initial efforts, both plaintiffs timely filed their pleadings before the expiration of the Statute of Limitations and *685 service was, apparently, properly obtained by plaintiff BVC, Inc. on defendant, Judith Heppner. However, because of Kenneth Heppner’s untimely demise on June 1, 1993, all proceedings thereafter and before appointment of his personal representative are null and void, as against him. (See, Matter of Jordan v Estate of Newman, 78 AD2d 756 [1980].) Plaintiffs’ respective initial efforts to institute suit against defendant Kenneth Heppner were, therefore, without legal effect.
Recognizing this futility, plaintiff BVC, Inc., elected to await the appointment of the decedent’s personal representative and either neglected or chose not to file proof that it had effected service upon defendant Judith Heppner. Accordingly, 120 days later, plaintiff’s action against this defendant would have been "deemed dismissed” (CPLR 306-b), except that defendant had interposed an appearance and then herself defaulted in filing an answer. However, as noted, plaintiff BVC, Inc., did not, thereafter, timely move for a default judgment, no doubt (as evidenced by its later actions) intending to recommence suit and to re-serve defendant, individually and as the legal representative for her husband’s estate.
Upon Mrs. Heppner’s appointment as administratrix of her husband’s estate, in an effort to correct their initial errors, each plaintiff chose to amend their respective pleadings to include, not only the decedent’s estate, but also to rename defendant, Judith Heppner, individually. As previously noted, however, plaintiff Travelers had made no previous attempt to commence suit against defendant, Judith Heppner, individually and plaintiff BVC, Inc., had, we believe, abandoned its first action against this defendant. Therefore, by the time of the plaintiffs’ mutual second efforts, the Statute of Limitations had long since run against Judith Heppner.
Additionally, in pressing her motion to dismiss, defendant Judith Heppner also correctly contends that any effort to amend, nunc pro tunc, either a summons and complaint or summons with notice or proof of service, at this late date, without leave of this court (CPLR 305 [c]) is a nullity. (See, Mekkelson v Cleverly Eng’g, 179 AD2d 1056 [4th Dept 1992].) It should also be noted that in this second effort each plaintiff filed under the same index number that each had originally purchased in June of 1993, thus procedurally dooming these recommencement efforts from the start. Plaintiffs’ second attempts to commence suit were, therefore, both procedurally and legally without effect.
In response, plaintiffs, for the first time, seek leave to amend, nunc pro tunc, pointing to the court’s wide authority to do so *686 under CPLR 305, and argue that such amendment would serve merely to correct the misnomer contained in their original pleadings and that, therefore, no real prejudice will result to defendants. This court believes, however, that plaintiffs’ procedural missteps are not so simply addressed.
Although such amendments were previously freely granted, the 1992 amendment to CPLR 304, 306-a and 306-b, which was primarily intended to raise revenue for the State, was compelled to recognize the liberalizing impact it would have on terminating the running of applicable time limits. Those limits have as their purpose recognition of the need to set reasonable time constraints within which suit must be commenced in order to avoid undue delay which would work prejudice to a defendant’s ability to collect evidence and witnesses and to present a defense. The Legislature, therefore, provided a safeguard. For the first time, legislation now directs the automatic dismissal of an action, which although properly and timely commenced by filing and thereby ceasing the running of a Statute of Limitations, did not, otherwise, provide notice to a defendant until service was completed (as would be later attested to in the filing of proof of same within 120 days). To lessen the harshness of such dismissal and perhaps recognizing the certainty of human failings in meeting procedural mandates, but no doubt also seeking a second bite from the filing fee apple, the Legislature granted a plaintiff the further latitude of an additional 120 days to recommence suit by refiling and re-serving under a new index number, if the action had been deemed dismissed for failure to file proof of service or for failure to effect proper service. As many as eight months were, thus, added to the applicable Statute of Limitations.
If this court were to grant to plaintiffs the relief they now request, it would, in effect, be condoning an ever-increasing addition to statutory time limits. Defendants, such as those before us, would thus always be put to the expense and effort of continuing litigation rather than simply being able to rely on the filing mandates of the statute, and concluding that a matter is time barred, elect to defend on that issue alone.
This court, without further legislative or appellate guidance, is unwilling to grant such liberality to this new enactment. The Legislature initially provided considerable latitude to plaintiffs to terminate the certain running of a time bar to litigation by the mere filing of a summons and complaint or summons with notice and thereafter provided two 120-day opportunities to effect service and file proof of same. Plaintiffs *687 who continue to fail to perfect commencement in the face of this legislative largess must, we believe, pay some price.
Having twice failed to either properly file to commence this action or to provide proof that the defendants were served notice of plaintiffs’ causes of action, within either the applicable time limit or within the statutorily provided extension, the plaintiffs herein cannot look to this court’s generosity to freely grant either leave to amend or to file, nunc pro tunc.
Plaintiffs’ contention that they seek only to correct a misnomer in their initial suit and their reliance on Luce v Pierce Muffler Shops (51 Misc 2d 256 [1966]) is misplaced. In Luce, Special Term granted the plaintiff’s request to amend her summons and complaint to name, as a defendant, a second corporate entity with virtually identical interests as the corporation originally named, that is, they were both owned by the same stockholders; had the same officers and central office; were covered under the same blanket insurance policy and shared the same sales tickets and receipts.
In the instant case, however, defendant Judith Heppner no longer shares the same mutuality of interest she may have once had with her husband. In addition to her individual concerns, as administratrix to her husband’s estate she is now bound to protect the interests of his heirs and distributees and all rightful creditors from any claims which might adversely dissipate their interests. In doing so, she is obligated to raise all available defenses against those who have not yet perfected their claim.
The plaintiffs, therefore, seek not merely to rename the Heppners’ individual interests, long after the Statute of Limitations has run, but to further add all those whose interests attached upon Mr. Heppner’s death. Such correction, in light of the fundamental commencement changes embodied in CPLR 304, 306-a and 306-b, affects a substantial right of these individual and fiduciary defendants and is not now available to plaintiffs.
Defendant’s motions for summary judgment dismissing plaintiffs’ causes of action, as against defendant Heppner as administratrix for lack of jurisdiction is granted. Defendant’s motion for summary judgment dismissing plaintiff Travelers’ cause of action, as against defendant Heppner, individually, for lack of jurisdiction is granted. Defendant’s motion to dismiss plaintiff BVC, Inc.’s cause of action commenced June *688 16, 1993, as against defendant Heppner, individually, as deemed abandoned, and defendant’s motion for summary judgment dismissing plaintiff BVC, Inc.’s cause of action for lack of jurisdiction are granted.