■ In the Matter of G. H. MINER Co., INC., Respondent, v LONE WOLF INSULATION, INC., Respondent, and ABL PLUMBING & HEATING CORP., Appellant. [632 NYS2d 372] —Order unanimously affirmed with costs. Memorandum: Petitioner, the judgment creditor in an underlying action, commenced this "turnover" special proceeding pursuant to CPLR 5225 (b) to enforce the judgment in that action out of money due to the judgment debtor from a third party, respondent ABL Plumbing & Heating Corp. (ABL). ABL appeals from an order denying its motion to dismiss the proceeding for lack of subject matter jurisdiction, based upon petitioner's failure to obtain a new index number prior to commencing the special proceeding. Supreme Court denied ABL's motion on the ground, *inter alia,* that the requirements of CPLR article 3 were satisfied when the court clerk accepted the order to show cause and petition for filing under the index number pertaining to the underlying action. The court properly denied the motion to dismiss. Under the new "commencement by filing" system, a litigant must purchase an index number before filing the summons and complaint in an action, or before filing the notice of petition and petition in a special proceeding, and must place that index number on the papers before serving them on the defendant *(see,* CPLR 105 [b]; 304, 305 [a]; 306-a [a]). Thus, a new index number was required for commencement of this special proceeding pursuant to CPLR 5225 (b), and that requirement was not satisfied by petitioner's use of the index number pertaining to the underlying action. Nevertheless, ABL was not entitled to an order of dismissal as a result of petitioner's use of the old number. The failure to obtain an index number

is a correctable, non-jurisdictional defect *(see,* CPLR 306-a [b]; *cf., Cellular Tel. Co. v Village of Tarrytown,* 209 AD2d 57, 64). Here, petitioner timely rectified the defect by purchasing a new index number during the pendency of ABL's motion. In any event, ABL was not entitled to dismissal without complying with the procedure outlined in CPLR 306-a (b). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.— Execution on Judgment.) Present—Denman, P. J., Lawton, Fallon, Balio and Boehm, JJ.