(September 19, 1996)

■ CHRISTIAN BROWN, Appellant, v DOXSEE SEA CLAM, Co., INC., Respondent. [647 NYS2d 496] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered March 23, 1995, which granted defendant's motion for summary judgment dismissing the complaint on the ground that it is time barred, unanimously reversed, on the law, without costs or disbursements, the motion denied and the complaint reinstated.

This is an action for damages under the Jones Act (46 USC, Appendix § 688) and general maritime law. Plaintiff, employed by defendant from October 1989 until January 17, 1990 as a deckhand aboard its vessel F/V *Day Star,* a clam dredger, sustained a laceration of his forehead on November 19, 1989, when he was struck by a "bin board" used to prevent clams from falling off a conveyor on the vessel. Treated at a local hospital, plaintiff returned to work the next day. On January 17, 1990, plaintiff strained his lower back while working on the F/V *Day Star* and was seen by an orthopedist. Over the next two weeks plaintiffs' condition steadily deteriorated and, on

January 29, 1990, he was admitted, on an emergency basis, to Nassau Community Hospital, where he remained until February 11, 1990, when he was transferred to St. Francis Hospital suffering from bacterial endocarditis, caused by a staph infection, which required open heart surgery and the removal of part of a heart valve. The history sheet from St. Francis recorded the laceration above the left eyebrow as a possible source of contamination. The most likely source of infection of plaintiff's heart valve was E. coli bacteria, probably from clams taken from polluted waters and entering plaintiff's bloodstream from the laceration to his forehead. Plaintiff was released from St. Francis on April 11, 1990. On June 18, 1992, after defendant had refused to pay for his medical bills, which were substantial, plaintiff commenced this action, to which a three-year Statute of Limitations applies (46 USC, Appendix § 763a; *Clauson v Smith*, 823 F2d 660 [1st Cir]). Since plaintiff's claims accrued on November 19, 1989 and January 17, 1990, he had to commence this action before November 19, 1992 and January 17, 1993, respectively. The sole issue on appeal is whether any of plaintiff's several attempts to commence this action satisfied either the old or new filing rules, which became effective July 1, 1992.

Effective July 1, 1992, the method of commencing an action in New York changed fundamentally. Under the old law, serving the summons and complaint on the defendant commenced an action. (CPLR 203 [former (b)]; former 304.) Within 30 days of service of process the plaintiff was also required to file proof of service with the court, necessitating the purchase of an index number. (CPLR former 306-a.) The failure to file such proof within the 30 days was not fatal; upon application, the court "shall order the filing thereof *nunc pro tunc*." (CPLR former 306-a [c] [emphasis supplied].) To ease the changes from the old procedure to the new, the Legislature provided for a transitional period from July 1, 1992 through December 31, 1992, during which an action could be commenced by application of either the old or new rules.

To commence an action under the new law, the plaintiff must first "file process", that is, purchase an index number and file the summons and complaint with the court clerk. (CPLR 304.) This first step does not, however, confer jurisdiction, which still requires service of process on the defendant. Both service of process and the filing of proof of service of process must take place within 120 days of the filing of process. (CPLR 306-b.) A failure to file proof of service within the 120-day period brings about varying results, depending on whether, during the 120-

day period, the defendant appeared in the action and/or the Statute of Limitations expired. (CPLR 306-b [a].) If there has been no appearance by the defendant within the 120 days, the action shall be deemed dismissed, without prejudice, as to the non-appearing party without the necessity of a motion or court order. (*Ibid.*) If the defendant did not appear and the Statute of Limitations expired during the 120 days, since the dismissal is without prejudice, the plaintiff may commence a "new action" pursuant to CPLR 306-b (b) if the first action was timely commenced and the new action is commenced within 120 days of the date upon which the first action was deemed dismissed, i.e., 240 days of the first filing of process. If the defendant did not appear but the Statute of Limitations did not expire during the 120-day period, the plaintiff must start over, that is, purchase a new index number, file another summons and complaint and serve the defendant and file proof of service within 120 days of filing the new action. Thus, even in the worst case scenario, where the defendant does not appear and the Statute of Limitations has expired and the action is deemed dismissed, the plaintiff is not necessarily barred from pursuing his action. In such a case, he is allowed 120 days from the date of dismissal of the original action within which to commence a "new action" and effect service of process upon the defendant. (CPLR 306-b [b].) The statute does not expressly provide that proof of service must be filed within that same 120-day period. Nor does the statute expressly require that a new index number be purchased to take advantage of the 120-day extension, although the practice commentaries state that this is a necessary consequence since a "new action" is being commenced. (Alexander, 1993 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C306-b:1, 1996 Pocket Part, at 82; Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C306-b:1, C306-b:2, 1996 Pocket Part, at 83, 84.)

On June 18, 1992, plaintiff served, by mail, a summons and complaint on defendant, which answered but asserted the affirmative defenses of lack of jurisdiction and improper service. On August 31, 1992, plaintiff filed the summons and complaint with the court under an index number purchased on August 3, 1992. Defendant obtained a stay of this action on November 17, 1992 by filing a limitation petition in the United States District Court of the Southern District of New York. On January 13, 1993, plaintiff effected personal service of a summons and complaint on defendant, which answered on January 27, 1993, asserting, *inter alia*, that the action was time-barred. On April 30, 1993, the Southern District dismissed the limitation proceeding, lifting the stay of the State action.

To satisfy the old rules, plaintiff had to effect service of process on defendant on or before July 1, 1992.* Plaintiff's attempted service by mail on June 18, 1992 did not satisfy the old rule since defendant never signed and returned the acknowledgment of receipt. Thus, that attempt at service was never completed. (*See*, CPLR 312-a.) Defendant did not waive the defect in service as its answer asserted the affirmative defense of lack of jurisdiction, a position which defendant consistently maintained. Plaintiff's belated filing of the summons and complaint, on August 31, 1992, could not cure the flawed service. In any event, without an acknowledgment of service, plaintiff could not file a proof of service.

Plaintiff argues that his personal service of a summons and complaint on defendant on January 13, 1993, after his purchase of an index number on August 3, 1992 and his August 31, 1992 filing of the original summons and complaint with the court, satisfied the new rules, even though service occurred 135 days after the filing, no proof of service was filed and the automatic stay with respect to the State action as a result of the Federal litigation was in effect at the time of such service. The IAS Court found that the stay barred plaintiff from completing the steps necessary to commence an action under the new filing rules. As the United States Supreme Court has had occasion to note, the Limited Liability Act (US Rev Stat §§ 4281-4289, as codified at 46 USC, Appendix §§ 181-196) "was adopted primarily to encourage the development of American merchant shipping." (*Lake Tankers Corp. v Henn*, 354 US 147, 150, citing *British Transp. Commn. v United States*, 354 US 129.) Its fundamental purpose is to limit the liability for any damage arising from a disaster at sea occasioned without the privity or knowledge of the shipowner to "the value of the vessel at fault together with her pending freight." (*Lake Tankers Corp. v Henn, supra,* at 150, citing 46 USC, Appendix § 183.) The stay provision should not be transformed from a protective instrument into an offensive weapon, thereby depriving suitors of valuable rights. (*Lake Tankers Corp. v Henn, supra,* at 152; *Wheeler v Marine Nav. Sulphur Carriers*, 764 F2d 1008 [4th Cir].) Given the unusual circumstances created by the change in the law, the January 13, 1993 service should not have been invalidated. Nor should the fact that the service occurred beyond the 120-day period after the initial filing make it untimely. Plaintiff should be allowed to take advantage of the 120-day extension period provided in CPLR 306-b (b). Plaintiff's

---

* Under the transition rules, plaintiff could have used the old rules until December 31, 1992.

failure to purchase a new index number should not preclude him from invoking the extension. Although the practice commentaries contemplate such a purchase, a more flexible standard should be applied to cases commenced during the transition period. (*See, e.g.*, *Bloodgood v Paradis*, 216 AD2d 720.) Finally, we are of the view that the IAS Court should have ordered the filing of service, nunc pro tunc, because plaintiff commenced this action during the transition period by filing process and purchasing an index number. (*See*, *Kleinman, Saltzman & Goodfriend v Marshall*, 158 Misc 2d 640, citing *Metropolitan Prop. & Cas. Ins. Co. v Roosevelt*, 154 Misc 2d 336.) Concur—Murphy, P. J., Sullivan, Ellerin, Nardelli and Mazzarelli, JJ.