OPINION OF THE COURT
David Goldstein, J.
This action raises a novel issue, of apparent first impression, relating to the applicability of the filing requirements in CPLR 306-b to an action commenced by motion for summary judgment in lieu of complaint, pursuant to CPLR 3213. Notwithstanding the absence of any opposition, also at issue is whether plaintiff’s actions were sufficient to acquire necessary jurisdiction and to accord reasonable notice under due process standards.
On March 3, 1995, plaintiff filed a summons with notice and a motion for summary judgment in lieu of complaint, pursuant to CPLR 3213. The motion sought to recover upon a letter agreement, dated March 7, 1989, which was also to constitute a promissory note, whereby plaintiff agreed to lend the individual defendant $15,000, plus interest thereon. The motion was returnable April 11, 1995,* at which time the court marked the motion off the calendar, since service had never been made. The original motion papers, endorsed in that fashion and initialed by this court, have disappeared or were removed from the courthouse. They are not included in the County Clerk’s file, nor were they entered on the court’s computer.
It appears from the County Clerk’s file that, when the court marked the motion off the calendar, service of process had not been made. Service of the summons and the April 1995 motion papers was eventually effected upon the individual defendant by "nail and mail”, and upon the corporate defendant by service upon the Secretary of State on June 30, 1995. Proof of service was filed within the 120-day period provided by CPLR 306-b, as to the individual defendant on June 30, 1995 and, as to the corporate defendant, on July 3, 1995. In each case, what *619 plaintiff served was a copy of the motion papers which had been previously returnable in April 1995. At no time was the motion restored to the calendar, with notice to defendants, nor was an amended notice of motion served, with a new return date.
Subsequently, under the same, 1995 index number, plaintiff served a new summons with notice and amended notice of motion for summary judgment in lieu of complaint, returnable October 29, 1996. Service on both defendants was effected September 27, 1996, upon the corporate defendant by serving a "general agent” and, upon the individual defendant, by serving a person of suitable age and discretion at defendant’s dwelling place and by mailing to that address.
Although no case expressly so holds, it is clear that the filing and time requirements provided by CPLR 306-b must be applicable to an action commenced by motion for summary judgment in lieu of complaint, pursuant to CPLR 3213. The statute (CPLR 306-b) applies by its terms to an action or proceeding. It is applicable to special proceedings and to those for relief pursuant to CPLR article 78. No reason appears for the procedure not to be applicable to the hybrid type of action instituted by service of a summons and motion for summary judgment in lieu of complaint. Its applicability to such a "motion-action” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3213:l, at 497) follows logically from New York’s transition from a "service system” for the commencement of actions to a "filing system” (see, Siegel, 1992 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3213:5, 1996 Pocket Part, at 73). However, inasmuch as the accelerated procedure in CPLR 3213 has attributes of both an action and a motion, this necessitates certain additional action by plaintiff, consistent with due process standards, which was not done here.
Plainly, the original April 1995 motion was properly marked off the calender since there had been no service. Inasmuch as the summons and notice of motion had been originally filed on March 3, 1995, in accordance with CPLR 306-b (a), plaintiff had 120 days to complete and file proof of service. Upon failure to comply, the action would be deemed dismissed as to any nonappearing party. No motion was made, within the 120-day period, for an extension of the statutory time. Here, as noted, service was made on June 30, 1995 and, notwithstanding that proof of service was filed within the 120-day period, in my view, plaintiff did not properly commence an *620 action by notice for summary judgment in lieu of complaint, within the meaning and intent of the legislation. In no way did plaintiff give proper notice to defendants, by service upon them in June 1995, of a motion, returnable two and one-half months earlier, in April 1995. How may a party respond to papers served two and one-half months after the return date of the motion? In what way did the June 1995 service notify defendants how, where or when to oppose the motion? Clearly, it did not.
Under the circumstances, it was incumbent upon plaintiff to serve an amended notice of motion at that time, placing the motion back on the motion calendar of this Part, with an opportunity to defendants to be heard in terms of any opposition to the application. This plaintiff failed to do. In my view, the failure is of critical significance. It amounted to no service of any legal consequence and necessitates a holding that the June 1995 service, of the April 1995 motion, was a mere nullity.
This result follows logically if one considers the underlying purpose of service of process, in terms of notice, to give a real and meaningful opportunity to appear and answer. The service of the April 1995 motion, over two months later, in June 1995, gave no notice at all. It was clearly offensive to applicable due process standards. Thus, although the relevant CPLR provisions do not address the issue, this court concludes that, with respect to an action commenced by motion for summary judgment in lieu of complaint, service within the period of 120 days after the date of filing the summons and motion for summary judgment, necessarily requires notice of a future return date, sufficient in terms of the time for making an appearance, as required by CPLR 3213 and 320 (a), depending upon the method of such service. Where, as here, this has not been done, the purported service must be treated as a nullity.
There remains for consideration the propriety of plaintiff’s recent (Sept. 1996) service of a new summons and amended notice of motion for summary judgment in lieu of complaint, returnable October 29, 1996. The statute (CPLR 306-b [a]) provides for dismissal where there is a failure to file proof of service within the 120-day period. The dismissal is automatic in the sense that a defendant need not move for dismissal for noncompliance. The dismissal is also without prejudice, since a plaintiff may commence a new action on the same transaction or occurrence, which would require the purchase of a new index number. (See, Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, CPLR C306-b:l, 1996 Pocket Part, at 83.)
*621 Here, plaintiff failed to proceed in a proper manner. Although she did effect service, employing a new summons and an amended notice of motion, returnable more that 30 days later, in terms of the time to appear, she did not secure a new index number, as was required. The use of the original 1995 index number was improper in far more than a technical sense. The original summons and notice of motion, bearing the 1995 index number, had been filed March 3, 1995. The failure to file proper proof of service within 120 days thereafter resulted in the automatic dismissal of that action. In such circumstance, plaintiff could not take it upon herself to draft a new summons and amended notice, purporting to commence a new action, under the old index number. This was in direct violation of CPLR 306-b, since service was attempted more than 120 days after the date of filing and, thus, after the action had been dismissed. It was necessary to obtain a new index number for that purpose, to commence a new action, which plaintiff failed to do.
Accordingly, upon the foregoing, notwithstanding the absence of any opposition, plaintiff’s motion for summary judgment in lieu of complaint is denied in all respects, without prejudice. In reaching this result, the court has proceeded solely upon the failure of plaintiff, on both occasions, to proceed in accordance with the requirements of CPLR 306-b (a). In doing so, the court has not considered any Statute of Limitations implications, since that is an affirmative defense, to be interposed as such. Nor has the court passed upon the issue whether the purported instrument in this case may properly support a claim for relief against the corporate defendant. On its face, the agreement, albeit on the corporate letterhead, is between two persons, as individuals.

 The motion was originally returnable April 5, 1995, which was not a motion date for the Part. Accordingly, the clerk of the court placed the motion on the motion calendar for the next available motion date, April 11, 1995.