In the Matter of HARISH PAL, Appellant, v ANGELO APONTE, as Commissioner of the New York State Division of

Housing and Community Renewal, et al., Respondents. [655 NYS2d 80] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Division of Housing and Community Renewal, dated July 29, 1994, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Miller, J.), dated February 7, 1996, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The respondent Commissioner of the New York State Division of Housing and Community Renewal issued a determination on July 29, 1994. A prior proceeding brought by the petitioner to challenge this determination was dismissed by judgment of the Supreme Court, Rockland County, dated July 31, 1995, because of the petitioner's failure to accomplish post-filing service of the "summons" and notice of petition. The petitioner then purportedly commenced this second proceeding, which he argues is timely by operation of CPLR 306-b (b).

The petitioner claims to have commenced the second proceeding by the filing of a notice of petition and petition on August 11, 1995. He claims that such filing was followed by service, and then by the filing of proof of service, and that he accomplished this last step on August 14, 1995. However, he acknowledges that his second petition was filed under the same index number as his first petition.

In light of his failure to obtain a second index number and pay a second filing fee, the petitioner never properly commenced his second proceeding (*see, Matter of Gershel v Porr*, 89 NY2d 327; *Winston v Freshwater Wetlands Appeals Bd.*, 224 AD2d 160, 165-166; *Brown v Doxsee Sea Clam Co.*, 231 AD2d 440; *Matter of Vetrone v Mackin*, 216 AD2d 839; *see also, Huang v Revilla*, 170 Misc 2d 617; *Travelers Ins. Co. v Heppner*, 166 Misc 2d 682; *cf., Matter of Miner Co. v Lone Wolf Insulation*, 219 AD2d 831). The second petition was properly dismissed for this reason. The petitioner's remaining contentions are without merit, and we need not address the additional contentions advanced by the respondents. Mangano, P. J., Bracken, Rosenblatt and Miller, JJ., concur.