■ Luis Oquendo et al., Appellants, v Fernando Rios et al., Respondents. [658 NYS2d 672] —In an action to recover damages for personal injuries etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Owen, J.), dated May 30, 1996, which, upon the motion of the defendant Ena L. Rodriquez for summary judgment, dismissed the complaint in its entirety.

Ordered that the order is affirmed, with costs.

On August 12, 1993, on Route 9W in Rockland County, a vehicle owned by John Puff Construction Co., Inc., and operated by Timothy J. Puff collided with a vehicle owned by Ena L. Rodriquez and operated by Fernando Rios. Two passengers in the Rodriquez-Rios vehicle, Maria Rios-Roldan, and Maria Acevedo-Rios, sustained injuries which, that same day, resulted in their deaths.

By petition dated November 28, 1994, Luis Oquendo, the administrator of the estate of Maria Rios-Roldan, and Siegfriedo Rosado, Jr., the administrator of the estate of Maria Acevedo-Rios, commenced a proceeding in the Supreme Court, Orange County, under Index Number 7390/94 seeking leave to commence a direct action against the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC). This proceeding was later withdrawn.

In what was apparently an attempt to commence an action to recover damages for wrongful death and personal injuries, the two personal representatives noted above drafted a summons and complaint, borrowing the index number which had earlier been used in connection with the withdrawn special proceeding against MVAIC. The only defendants named in the summons and complaint were Fernando Rios and Ena L. Rodriquez, the owner and driver of the decedents' host vehicle. This summons and this complaint were stamped by MVAIC af-

ter having been apparently received by it on February 27, 1995.

Later, the personal representative plaintiffs purported to amend this summons and complaint by adding as additional defendants John Puff Construction Company, Inc., and Timothy J. Puff, the owner and driver of the adverse vehicle. The purported amended summons and amended complaint also bore Index Number 7390/94, the number which had been purchased at the time of the commencement of the prior proceeding against MVAIC. This amended summons and complaint were stamped by MVAIC on May 26, 1995.

At some point, counsel for the plaintiffs submitted for filing under Index Number 7390/94 either a copy of the purported amended summons and complaint, or a copy of the original summons and complaint; on appeal, the plaintiffs suggest that the record is unclear as to which documents were actually filed. Whatever was filed was apparently rejected by the clerk as the papers did not contain the same caption as the original proceeding had contained. This rejection of papers occurred on April 18, 1995; on appeal, the plaintiffs, again, suggest that there is an issue of fact as to whether the papers were physically returned to counsel's office.

In an answer submitted on her behalf dated June 29, 1995, the defendant Ena L. Rodriquez raised one affirmative defense based on the plaintiffs' failure "to comply with the requirements of CPLR 305", and one based on the Statute of Limitations. During the course of a conference held October 19, 1995, at which there was no appearance by the plaintiffs' attorney, the court advised defense counsel that the action was "off [the] calendar" due to the failure to purchase a new index number.

On November 16, 1995, some two years and three months after the accident, the plaintiffs' counsel purchased Orange County Index Number 6838/95. In a subsequent conference held on December 6, 1995, the court stated that the "papers" previously filed under Index Number 7390/94 "will be deemed to have been filed nunc pro tunc under Index Number 6838/95". However, the court granted the attorney for the defendant Rodriquez leave to make a written motion to dismiss.

In support of the subsequent motion, dated January 4, 1996, counsel for the defendant Rodriquez recited the foregoing procedural history, and added that "up until present neither the summons or amended summons has been filed with the County Clerk". Counsel argued that the plaintiffs' claims had not been interposed prior to the expiration of the two-year prescriptive period. In response, the plaintiffs' attorney argued

that the plaintiffs' claims had been properly interposed as of April 1995.

The court granted the motion of the defendant Rodriguez, and ordered that the complaint be dismissed "in its entirety". In its decision, the court stated that it had issued the "nunc pro tunc" order noted above based on its mistaken belief that papers were still on file under Index Number 7390/94. The court, in effect, vacated its prior order. This appeal followed.

The claims now being asserted by the plaintiffs were interposed no earlier than the November 16, 1995, date on which Index Number 6838/95 was purchased. Any filings made prior to that time under Index Number 7390/94 were ineffective, and did not constitute either the commencement of the plaintiffs' action or the interposition of the plaintiffs' various claims (*see, Matter of Gershel v Porr*, 89 NY2d 327; *Matter of Pal v Aponte*, 237 AD2d 443; *Matter of Winston v Freshwater Wetlands Appeals Bd.*, 224 AD2d 160; *Brown v Doxsee Sea Clam Co.*, 231 AD2d 440; *Matter of Vetrone v Mackin*, 216 AD2d 839; *cf., Ruiz v New York City Hous. Auth.*, 216 AD2d 258; *Matter of Miner Co. v Lone Wolf Insulation*, 219 AD2d 831). The plaintiffs' argument that the interposition of the claims contained in the present amended summons and complaint relates back to the interposition of the claims asserted in the prior proceeding against MVAIC is meritless (*see generally, Buran v Coupal*, 87 NY2d 173; *Mondello v New York Blood Ctr.*, 80 NY2d 219; *Brock v Bua*, 83 AD2d 61; *see also, Piccinich v Forrest City Tech Place Assocs.*, 234 AD2d 528; *Yovane v White Plains Hosp. Ctr.*, 228 AD2d 436).

We note that, on appeal, the plaintiffs do not take issue with the Supreme Court's dismissal of the complaint in its entirety based on its application of the two-year wrongful death Statute of Limitations, and have thus in effect conceded that this Statute of Limitations (*see, EPTL 5-4.1; Long v Quinn*, 234 AD2d 522) governs the entire complaint. We also note that the plaintiffs do not challenge the Supreme Court's grant of summary judgment in favor of the nonmoving defendants (*see, CPLR 3212 [b]; Dunham v Hilco Constr. Co.*, 89 NY2d 245). Bracken, J. P., Joy, McGinity and Luciano, JJ., concur.