■ POLEY PAVING CORPORATION et al., Respondents, and BOGNER-SEITEL LUMBER COMPANY, INC., Appellant-Respondent, v UNITED CEREBRAL PALSY ASSOCIATION OF SULLIVAN COUNTY et al., Respondents-Appellants, et al., Defendants. [660 NYS2d 493] —Peters, J. (1) Cross appeals from an order of the Supreme Court (Torraca, J.), entered December 4, 1995 in Sullivan County, which, *inter alia*, denied plaintiffs' motion for partial summary judgment and denied a cross motion by defendants United Cerebral Palsy Association of Sullivan County and Firemen's Insurance Company of Newark, New Jersey for summary judgment dismissing the complaint against them, (2) appeal from an order of said court, entered January 22, 1996 in Sullivan County, which referred the case for an immediate trial on the issue of whether defendant Kaide Construction, Inc. was a general contractor, (3) appeal from an order of said court, entered April 12, 1996 in Sullivan County, which denied a motion by defendants United Cerebral Palsy Association of Sullivan County and Firemen's Insurance Company of Newark, New Jersey for, *inter alia*, reargument, (4) appeal from a judgment of said court (Teresi, J.), entered September 6, 1996 in Sullivan County, upon a decision of the court in favor of plaintiffs, and (5) appeal from an order of said court (Torraca, J.), entered September 24, 1996 in Sullivan County, which granted plaintiffs' motion to, *inter alia*, purchase a new index number.

This action stems from the construction of a new facility for defendant United Cerebral Palsy Association of Sullivan County (hereinafter UCP) for which bids were sought from various construction companies. Ultimately, defendant Kaide Construction, Inc. (hereinafter Kaide) won the bid and entered into a contract with UCP which named Kaide as the "construction manager" and UCP as the "owner". Under such agreement, the construction manager was responsible for dispersing funds received from UCP to the various contractors who completed work on the project. Midway through the project, Kaide left the job, thus forcing UCP to complete the project independently. Upon Kaide's failure to pay plaintiffs for the services they provided, they filed mechanics' liens against the property. UCP and defendant Firemen's Insurance Company of

Newark, New Jersey (hereinafter collectively referred to as defendants) thereafter commenced a special proceeding to discharge the mechanics' liens and, in response to plaintiffs' complaint in this action, contended that they were not responsible for such payments because they paid to Kaide, the "general contractor", all of the moneys owed under the agreement.

Plaintiffs thereafter moved for partial summary judgment, prompting defendants' cross motion for, *inter alia*, summary judgment seeking a dismissal of plaintiffs' claims for lack of jurisdiction based upon their failure to, *inter alia*, purchase a new index number. Supreme Court, initially denying both motions from which both plaintiff Bogner-Seitel Lumber Company, Inc. and defendants appeal, ultimately supplemented such determination, pursuant to CPLR 3212 (c), by ordering an immediate trial on the issue of liability—whether Kaide was hired in the role of "general manager" or "construction manager". Defendants appealed from such determination.

Defendants thereafter unsuccessfully moved for omnibus relief requesting, *inter alia*, discovery, disclosure and reargument on the motion resulting in the referral of the issue for trial. By motion dated June 18, 1996, plaintiffs sought permission to purchase a new index number to correct any jurisdictional defect which may have resulted from the use of the index number that was initially purchased by defendants in connection with the discharge of the liens. Finding no prejudice to defendants, plaintiffs' request was granted by order dated September 13, 1996. The clerk was thereby ordered to transfer all papers commenced under the previous index number to the new index number upon the payment of a fee. Before the actual issuance of such order, however, Supreme Court conducted the trial and determined that Kaide was acting as a construction manager. Defendants, now liable to plaintiffs, appeal that determination as well as the order permitting plaintiffs to purchase a new index number.

We commence our review by finding that Supreme Court appropriately determined that an immediate trial on the issue of liability would result in the "expeditious disposition of the controversy" (CPLR 3212 [c]) since both the motion for summary judgment as well as the cross motion were based upon grounds enumerated in subdivision (a) or (b) of CPLR 3211 (*see*, CPLR 3212 [c]). Regardless of whether the issue is framed, as defendants claim, as one of agent/principal or, as plaintiffs claim, as one of general contractor/construction manager, if Kaide was found to be the agent or construction manager of UCP, UCP would be responsible for insuring that plaintiffs

were paid. Since the determination of this issue would bring an end to the controversy, the court appropriately determined that an immediate trial was necessary.*

As to defendants' allegations that the timing of plaintiffs' motion for partial summary judgment was designed to prevent them from conducting necessary discovery regarding "underlying documents such as proposals for work, contracts, invoices, * * * and any other records pertaining to the contractual relationship between Kaide * * * and each of the lienors", we agree with plaintiff Poley Paving Corporation that all information relevant to this issue was within defendants' exclusive knowledge and control. In fact, defendants' papers in support of their cross motion highlight their belief that they proffered sufficient proof to settle the issue in their favor. Moreover, their actions belie their claim since no discovery was ever attempted during the approximate seven months between the date of the original order denying motions for summary judgment to facilitate discovery and the date that the issue of liability was tried. As to any further procedural errors alleged in response to this order, we have reviewed them and find them without merit.

Nor do we find error in Supreme Court's determination that Kaide was hired as the construction manager on this project, thereby making UCP liable for all payments to contractors. This determination is supported by both testimonial evidence that Kaide could not be bonded and therefore could not function as a general contractor, as well as documentary evidence consisting of, *inter alia*, a letter from UCP to Kaide, dated December 1, 1993, wherein Kaide was designated as the "construction manager" for the project. The written agreement between UCP and Kaide, entitled "Standard Form of Agreement Between Owner and Construction Manager", again designated Kaide as the construction manager. Contrary to defendants' contention, the supplemental agreement annexed to such document provides no further support for their position. Accordingly, we find no reason to disturb the determination rendered (*see, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162).

Finally, we find no merit to defendants' claim that plaintiffs improperly filed their summons and complaint when they utilized the index number which defendants purchased to begin their special proceeding. Even noting that by order of the Supreme Court, the mechanics' liens were to be discharged

---

* In claiming that Supreme Court erred in ordering an immediate trial, defendants have abandoned their appeal from the court's order denying their motion for, *inter alia*, reargument.

upon the filing of appropriate undertakings and that such undertakings were, thereafter, filed, the instant action sought, *inter alia*, to prosecute notices of claim against these undertakings. Upon these allegations, we agree with Supreme Court that the action was properly commenced under the prior index number.

Moreover, while such order was on appeal, plaintiffs moved for permission to purchase a new index number and to have all papers transferred. After the motion was granted, plaintiffs purchased the new index number and the clerk so transferred the papers. Hence, unlike *Matter of Gershel v Porr* (89 NY2d 327) and *Matter of Vetrone v Mackin* (216 AD2d 839) relied upon by defendants, the original proceeding from which this index number derived was never dismissed, the summons and complaint was properly filed, service was effectuated and the additional filing fee was paid, all within the Statute of Limitations period.

Where the subsequent proceeding is an adjunct of the original proceeding, we continue with the adoption of a "forgiving attitude[ ] toward late payment of the fee" (Alexander, 1996 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C304:1, 1997 Pocket Part, at 65). Hence, we find no jurisdictional defect (*see, Matter of Miner Co. v Lone Wolf Insulation*, 219 AD2d 831; *Ruiz v New York City Hous. Auth.*, 216 AD2d 258).

Accordingly, we find no basis to disturb any determination rendered.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the orders and judgment are affirmed, without costs.