■ MARK MANDEL et al., Appellants, v WALTCO TRUCK EQUIPMENT COMPANY, Defendant and Third-Party Plaintiff-Respondent. COCA-COLA COMPANY, Third-Party Defendant; INDUSTRIAL TRUCK BODY, Third-Party Defendant-Respondent. [663 NYS2d 106] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated September 3, 1996, as granted the motion by the defendant Waltco Truck Equipment Company and the cross motion by the third-party defendant Industrial Truck Body to dismiss the complaint based on the plaintiffs' failure to comply with CPLR 306-b and, in effect, denied their cross motion to file the summons and complaint and affidavit of service nunc pro tunc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Mark Mandel was allegedly injured while working for his employer, Coca-Cola Company (hereinafter Coca-Cola), a third-party defendant. In 1992, he purchased Index No. 3926/92 in order to commence pre-action discovery against Coca-Cola. On March 29, 1993, the plaintiffs served a summons and complaint bearing Index No. 3926/92 on Waltco Truck Equipment Company (hereinafter Waltco), the sole de-

fendant. Waltco answered the complaint without asserting any jurisdictional defenses and thereafter commenced a third-party action against Coca-Cola and Industrial Truck Body.

On August 4, 1994, the plaintiffs purchased Index No. 24909/94 and, for the first time, filed with the Clerk of the Supreme Court, Kings County, a copy of the summons and complaint previously served upon Waltco under Index No. 3926/92. The plaintiffs did not re-serve the summons and complaint but filed proof of service made upon Waltco in 1993.

Waltco and the third-party defendant Industrial Truck Body separately moved to dismiss the complaint under Index No. 24909/94 based on the plaintiffs' failure to comply with CPLR 306-b. We conclude that the Supreme Court properly granted the motions and denied the plaintiffs' cross motion for permission to file the summons and complaint nunc pro tunc.

Pursuant to CPLR 306-a, in order to commence an action, a plaintiff must file the summons and complaint with the clerk of the court and purchase an index number. Here, because the personal injury action was not an adjunct of the pre-action discovery (*see, e.g., Poley Paving Corp. v United Cerebral Palsy Assn.,* 241 AD2d 847), but was a new action against a different party, the plaintiffs were required to comply with CPLR 306-a by purchasing a new index number and by filing the summons and complaint with the clerk of the court (*see, Matter of Gershel v Porr,* 89 NY2d 327; *Oquendo v Rios,* 240 AD2d 552; *Venditti v Town of Alden,* 239 AD2d 910; *Matter of Pal v Aponte,* 237 AD2d 443; *cf., Ruiz v New York City Hous. Auth.,* 216 AD2d 258). The plaintiffs failed to comply with these requirements. As a result, a personal injury action against Waltco was not properly commenced under Index No. 3926/92, and the service of process in March 1993 was a nullity (*see, Matter of Gershel v Porr, supra; see also, Hertz v Schiller,* 239 AD2d 240).

Although Waltco did not raise any jurisdictional defenses in its answer, we conclude that the defect in the commencement of the action was not waived (*cf., Matter of Fry v Village of Tarrytown,* 89 NY2d 714; *Venditti v Town of Alden, supra*). The facts in *Matter of Fry* are distinguishable, as there the requisite filing fee was paid "so the court's principal interest in the filing system was satisfied", and the defective filing related only to the sufficiency of the filed papers (*Matter of Fry v Village of Tarrytown, supra,* at 719). In the case at bar, the summons and complaint were not filed with the court nor was the requisite filing fee paid before process was served.

The plaintiffs' request for nunc pro tunc relief based on the purchase of an index number in August 1994 was properly

denied. Because the personal injury action under Index No. 3926/92 was not properly commenced, there was no action pending for which nunc pro tunc relief could be granted (*see, e.g., Arbisser v Gelbelman,* 240 AD2d 605; *Long v Quinn,* 234 AD2d 522; *Mohammed v Elassal,* 226 AD2d 509).

The action against Waltco was properly commenced on August 4, 1994, by filing a copy of the summons and complaint with the court and by purchasing an index number (*see,* CPLR 306-a). However, the plaintiffs do not dispute that this summons and complaint were not served upon Waltco and that the affidavit of service filed with the court referred to the papers served in March 1993 under Index No. 3926/92. Since proper proof of service was not filed within 120 days after the date of filing of the summons and complaint, and the defendant did not answer the complaint, the action was automatically deemed dismissed (*see,* CPLR 306-b; *Brackett v St. Mary's Hosp.,* 233 AD2d 357). Miller, J. P., O'Brien, Santucci and Altman, JJ., concur.