ELIZABETH KELLY, Appellant, v PATRICK DELANEY, Respondent. [669 NYS2d 633] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered June 9, 1997, which (a) granted the defendant's motion to vacate a judgment of the same court, entered April 28, 1997, upon the defendant's default in appearing, and (b) denied the plaintiff's cross motion to direct the payment of a filing fee nunc pro tunc, and (2) a judgment of the same court, entered June 23, 1997, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff filed a summons with notice against the defendant, among others, with the Westchester County Clerk on May 22, 1996, six days prior to the expiration of the applicable Statute of Limitations. The plaintiff failed to file proof of service within 120 days of the filing of the summons with notice, and thus the original action was automatically dismissed on September 19, 1996 (*see,* CPLR 306-b [a]).

The plaintiff purportedly commenced a new action by service of a summons and complaint upon the defendant on October 21, 1996, and by filing the complaint and proof of service under the same index number as the original action on October 31, 1996. The defendant failed to appear in this action, and the plaintiff thereafter obtained a judgment of default against the defendant. The defendant moved to vacate the default on the ground, *inter alia,* that the court did not have personal jurisdiction.

In failing to obtain a second index number and pay a second filing fee, the plaintiff never properly commenced this action (*see, Matter of Pal v Aponte,* 237 AD2d 443; CPLR 306-a), and service of process was a nullity (*see, Matter of Gershel v Porr,*

89 NY2d 327, 330). The Supreme Court therefore properly granted the defendant's motion to vacate the default judgment and dismiss the complaint. The plaintiff's contention that the defendant waived compliance with the filing requirements in CPLR 306-a is without merit (*see, Mandel v Waltco Truck Equip. Co.,* 243 AD2d 542; *cf., Matter of Fry v Village of Tarrytown,* 89 NY2d 714).

Furthermore, the Supreme Court properly denied the plaintiff's cross motion to permit the payment of the second filing fee nunc pro tunc because there was no action pending for which nunc pro tunc relief could be granted (*see, Mandel v Waltco Truck Equip. Co., supra; Arbisser v Gelbelman,* 240 AD2d 605; *Long v Quinn,* 234 AD2d 522). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.