■ In the Matter of AMERICAN HOME ASSURANCE Co., Respondent, v AUGUSTIN DUBUISSON, Appellant, et al., Respondents. [736 NYS2d 889] —In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for uninsured motorist benefits, Augustin Dubuisson appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated August 9, 2001, as granted that branch of the petition which was for a temporary stay of arbitration and denied his motion to dismiss the proceeding.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was for a temporary stay of arbitration is denied, the motion is granted, and the proceeding is dismissed.

The petitioner purportedly served the notice of petition and petition before filing those papers and purchasing an index number. Since the petitioner did not properly commence the proceeding, the purported service was a nullity (*see, Matter of Gershel v Porr,* 89 NY2d 327). Thus, the proceeding should have been dismissed (*see, Keglic v Flater,* 266 AD2d 353; *Kelly v Delaney,* 248 AD2d 360). The petitioner's contention that the appellant waived compliance with the filing requirements is without merit (*cf., Matter of Fry v Village of Tarrytown,* 89 NY2d 714).

We note that even if the proceeding had been properly commenced, it would have been untimely. The petitioner failed to commence the proceeding within 20 days after service upon it of the appellant's notice of intention to arbitrate (*see,* CPLR 7503 [c]; *Matter of Hartford Ins. Co. v Buonocore,* 252 AD2d 500). Altman, J.P., Smith, Krausman, McGinity and Cozier, JJ., concur.