QURRISE C. HARRIS, Respondent, v NIAGARA FALLS BOARD OF EDUCATION et al., Appellants. [792 NYS2d 746]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered March 16, 2004. The order denied defendants' motion to dismiss the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for personal injuries suffered when a vehicle driven by defendant Carmen A. Granto, Jr. struck him while he was riding his bicycle. The vehicle driven by Granto was not owned by him, but by either defendant Niagara Falls Board of Education (Board) or defendant Niagara Falls City School District (District). In connection with an application for leave to serve a late notice of claim upon the District, plaintiff's former counsel purchased an index number (115447). That index number was affixed to the order of Supreme Court that granted plaintiff's application, but the order allowed plaintiff to file and serve the notice of claim upon the City of Niagara Falls, rather than the District or the Board.

Plaintiff retained different counsel, who brought a second application for leave to serve a late notice of claim, against both the District and the Board. That application also bore index No. 115447. Again, the court granted plaintiff's application and

gave plaintiff a deadline within which to file and serve the notice of claim. Plaintiff's new counsel filed and served the notice of claim within the time set forth in the court's order, but also commenced the instant action against defendants using the same index number as was used in the two prior applications. Plaintiff does not contend that a new index number has been purchased for the action.

Defendant moved to dismiss the complaint as barred by the statute of limitations. The court erred in denying that motion. Pursuant to CPLR 306-a (a), "[u]pon filing the summons and complaint, summons with notice or petition in an action or proceeding commenced in supreme or county court, an index number shall be assigned and the fee required by [CPLR 8018 (a)] shall be paid." Under that filing system, "the payment of a filing fee and the filing of initiatory papers [are] the acts that commence an action or a special proceeding" (*Matter of Gershel v Porr*, 89 NY2d 327, 330 [1996]; *see also Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 719 [1997]). The service of process without paying the fee and filing the papers is a nullity, "the action or proceeding never having been properly commenced" (*Gershel*, 89 NY2d at 330; *see Matter of Gleason [Michael Vee, Ltd.]*, 271 AD2d 736, 736-737 [2000], *revd on other grounds* 96 NY2d 117 [2001]; *Keglic v Flater*, 266 AD2d 353, 354 [1999]; *Kelly v Delaney*, 248 AD2d 360 [1998], *lv denied* 92 NY2d 803 [1998]; *Mandel v Waltco Truck Equip. Co.*, 243 AD2d 542, 543 [1997], *lv denied* 91 NY2d 809 [1998]). Because a second index number was required and never purchased, Supreme Court lacked subject matter jurisdiction over the matter (*see Murray v Hendrickson*, 16 AD3d 1058 [2005]; *Chiacchia & Fleming v Guerra*, 309 AD2d 1213, 1214 [2003], *lv denied* 2 NY3d 704 [2004]). A court's lack of subject matter jurisdiction is not waivable (*see Fry*, 89 NY2d at 718; *Matter of Reis v Zimmer*, 263 AD2d 136, 144, [1999], *amended* 270 AD2d 968 [2000]).

Because the application for leave to serve a late notice of claim was resolved by the granting of that relief, plaintiff was required to purchase a new index number upon the commencement of a new action (*see Perez v Paramount Communications*, 92 NY2d 749, 754-755 [1999]). "[D]efective filing may be waivable *as long as the filing fee is paid*" (*id.* at 754 [emphasis supplied]). In this instance, the fee was not paid, and thus the action was not properly commenced. Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Smith, JJ.