■   In the Matter of WILLIAM C. STOWELL, JR., et al., Appellants, v MELVIN LESSER, as Assessor of the Town of New Paltz, Respondent. (Proceeding No. 1.) In the Matter of MID-HUDSON LAND CORP., Appellant, v MELVIN LESSER, as Assessor of the Town of New Paltz, Respondent. (Proceeding No. 2.) In the Matter of JAMES M. CASS et al., Appellants, v MELVIN LESSER, as Assessor of the Town of New Paltz, Respondent. (Proceeding No. 3.)—Appeal, in consolidated proceedings, from a judgment of the Supreme Court at Special Term, entered March 20, 1978 in Ulster County, upon an order which granted respondent's motion to dismiss petitioners' applications for a review of certain tax assessments. As the owners of parcels of real property in the Town of New Paltz, petitioners commenced the instant consolidated proceedings at various times between September 7, 1977 and September 16, 1977 to challenge the tax assessments on their respective parcels. On February 7, 1978, respondent Assessor of the Town of New Paltz moved to dismiss their petitions on the ground that they were not filed within 30 days after the completion and filing of the assessment roll of the Town of New Paltz as required by section 702 of the Real Property Tax Law. His motion was granted at Special Term, and the present appeal ensued. Seeking a reversal of the judgment entered upon Special Term's order, petitioners initially contend that respondent is barred from raising a Statute of Limitations defense because he never filed answers to their respective petitions and did not move for the dismissal thereof until more than four months after answers on the petitions were due. We disagree. Although the pertinent statute (Real Property Tax Law, § 712, subd 1) provides that respondent shall serve verified answers upon petitioners, the only result of his failure to do so is that all allegations in the petitions are deemed denied, and most significantly, the statute further explicitly provides that a motion to dismiss "shall not be denied merely on the ground that an answer has been deemed made." Such being the case, it is clear that respondent did not waive the Statute of Limitations defense by his failure to serve answers. Petitioners' remaining contention that respondent is not entitled to a dismissal because there was a defect in the filing of the assessment roll is similarly without merit. In this instance, notice of the completion and filing of the assessment roll on August 1, 1977 was published in the town's official newspaper, a weekly, on July 27, 1977, and petitioners basically argue that this notice was ineffective because it preceded the event to be noticed and that, consequently, a dismissal was unwarranted because the applicable 30-day limitation period (Real Property Tax Law, § 702, subd 2) has never begun to run. This argument is premised upon a hypertechnical and unduly restrictive construction of the statute which provides for the filing of completed assessment rolls and notice thereof (Real Property Tax Law, § 516), and we find nothing in the statutory language which mandates that the various procedures be carried out in a certain order. All that is required is that the filing and the publishing of notice be accomplished reasonably contemporaneously so that notice to the taxpayers is adequate, and under the circumstances prevailing here where the official newspaper was a weekly and the filing of the assessment roll had to be effectuated by August 1, 1977 (Real Property Tax Law, § 516, subd 1), the placing of the notice in the July 27, 1977 issue of the paper was the

most reasonable and practical way to comply with the statute. Such being the case, the published notice was not defective. Moreover, petitioners have demonstrated no prejudice to them resulting from said notice, and it is uncontested that their respective proceedings were not commenced within 30 days of August 1, 1977. Accordingly, Special Term properly granted respondent's motion to dismiss (Real Property Tax Law, § 702, subds 2, 3). Judgment affirmed, with costs against appellants. Greenblott, J. P., Sweeney, Kane, Main and Mikoll, JJ., concur.