■ In the Matter of Glenda Cartwright et al., Appellants, v Henry Rose, as Chairman of the Zoning Board of Appeals of the Town of Hempstead, et al., Respondents, and L.C.D. Building Corp., Intervenor-Respondent.—In a proceeding pursuant

to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Hempstead, dated July 14, 1988, which, after a hearing, granted the application of L.C.D. Building Corp. for a width variance, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Morrison, J.), entered November 1, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

The Supreme Court properly dismissed the proceeding on the ground that it was not commenced within the 30 days prescribed by Town Law § 267 (7) (see also, Matter of Ada's Constr. Servs. v Scheyer, 128 AD2d 869). The fact that the petitioners had successfully moved by order to show cause dated September 6, 1988, to extend this time period, which is clearly a Statute of Limitations (see, South Woodbury Taxpayers Assn. v Town of Oyster Bay, 79 AD2d 633), is of no avail, inasmuch as the court was without the authority to grant that relief (see, CPLR 201; Matter of Sengstacken v Zoning Bd. of Appeals, 87 AD2d 651).

In light of our determination, we do not address the propriety of the determination of the Zoning Board of Appeals granting the intervenor's application for a width variance. Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.