[619 NYS2d 459]

CARMEN W. ENOS et al., Respondents, v CITY OF ROCHESTER, Appellant.

Fourth Department, November 16, 1994

## APPEARANCES OF COUNSEL

*Louis N. Kash, Corporation Counsel* of City of Rochester *(Michael J. Looby* of counsel), for appellant.

*Christopher S. Ciaccio,* Rochester, for respondents.

### OPINION OF THE COURT

CALLAHAN, J.

Defendant City of Rochester (City) appeals from so much of a Special Term order as denied its motion to dismiss the complaint of Carmen W. Enos (plaintiff) on the ground that the action was not timely commenced.

Plaintiff was injured on August 4, 1992 when the automobile he was operating fell into a "sink hole" on a City street. A notice of claim was filed on September 30, 1992. Plaintiff's attorney prepared a summons and complaint dated October 7, 1993. Plaintiff concedes that the summons and complaint were not personally filed with the clerk of the court, but rather they, together with an application for an index number and the required filing fee, were mailed to the clerk of the court on November 3, 1993. It is undisputed that November 3, 1993 was the last day of the one year and 90 days limitation period under General Municipal Law § 50-i.*

The City moved to dismiss the complaint on the ground that the action was not timely commenced. It maintained that CPLR 304 requires "filing" the summons and complaint with the clerk of the court and the summons was not filed with the clerk until November 9, 1993, six days after the applicable Statute of Limitations, as extended by operation of law, had expired.

Plaintiff's attorney contended that he deposited the sum-

---

* The accident occurred on August 4, 1992. The one year and 90 days limitation period would have expired on November 2, 1993. Because that day was a general election day, the limitation period was extended by operation of law *(see,* General Construction Law §§ 20, 24) for one day, until November 3, 1993.

mons and complaint, together with a check for the required filing fee and application for an index number, in the mail at approximately 6:30 P.M. on November 3, 1993 and that, therefore, the timely mailing of the summons and complaint constituted "delivery" to the clerk within the meaning of the statute. Supreme Court denied the City's motion to dismiss the complaint.

The novel issue for our determination is whether mailing the summons and complaint to the clerk of the court constitutes "filing" within the meaning of the CPLR's new commencement-by-filing procedures.

The Legislature amended CPLR 304 as part of a legislative package that revolutionized civil practice (see, L 1992, ch 216, § 4, eff July 1, 1992). "From time immemorial, service of process on the defendant has been the act that both commenced the action and conferred jurisdiction. Service also interposed the claim for statute of limitations purposes" (Alexander, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C304:1, 1994 Pocket Part, at 37).

CPLR 304 now provides that an action is commenced by "filing" the summons and complaint or summons with notice with the clerk of the court in the county in which the action is brought. The new method of commencement by filing is accompanied by a change in the time when the Statute of Limitations stops running on a plaintiff's claim. CPLR 203 (c) (1) provides that, where an action is commenced by filing, the claim asserted in the complaint is deemed to be interposed against the defendant for Statute of Limitations purposes when the summons and complaint are "filed" with the clerk of the court. "Filing" is defined as "delivery of the summons with notice or summons and complaint to the clerk" together with any fee required (CPLR 304, 2102).

The issue that has intrigued legal scholars is squarely presented in the instant case: what happens if the papers are mailed to the clerk of the court? (See, Alexander, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C304:1, 1994 Pocket Part, at 39; Siegel, NY Prac, 1994 Pocket Part, at 5 [2d ed].) Should the delivery be deemed to occur on the day of mailing, as urged by plaintiff, or on the date of actual receipt by the clerk, as urged by defendant?

Although Supreme Court did not elaborate, its order recites that it relied upon two of our Court's decisions construing CPLR 203 (b) (5) (actions commenced by service of process

earn 60-day toll of Statute of Limitations by "delivery" of process to the Sheriff). In *Sanford v Garvey* (81 AD2d 748) and *Kearns v Moyer* (78 AD2d 979), this Court held that a summons is "delivered" to the Sheriff in accordance with CPLR 203 (b) (5) when the plaintiff timely mails the summons, not when the Sheriff actually receives it. Although it might be tempting to apply the same construction of the term "delivery" in the instant case, we conclude that it would not be appropriate. In our view, the Legislature, when it expressly provided that the definition of "filing" set forth in CPLR 304 shall also apply for purposes of CPLR 203, indicated its intention that the definition in CPLR 304 as amended supersedes any previous interpretation in any case predating the new commencement-by-filing system.

In amending CPLR 304 to institute a new commencement-by-filing procedure, the Legislature intended the term "filing" to require actual receipt of the papers by the clerk of the court. That interpretation explains the inclusion in both CPLR 304 and 203 (c) (2) of a safety valve provision to cover situations where circumstances prevent the immediate filing of the summons and complaint with the clerk. In such a situation, a party may obtain a court order requiring the subsequent filing to be made at a specific time and date not later than five days after the signing of the order. In such case, the signing of the order is deemed to constitute the commencement of the action and also interposes the claim for Statute of Limitations purposes (CPLR 304, 203 [c] [2]). That safety valve provision would not be necessary if the Statute of Limitations could be extended merely by placing the pleadings and filing fee in the mail.

We conclude that the mailing of the summons and complaint to the clerk of the court on the last day of the Statute of Limitations did not constitute "filing" within the meaning of the CPLR's new commencement-by-filing procedure. Because the papers were not actually received by the clerk until after the Statute of Limitations had expired, plaintiff's action was not timely commenced.

Accordingly, the order insofar as appealed from should be reversed, the motion granted and the complaint dismissed.

PINE, J. P., BALIO, DAVIS and BOEHM, JJ., concur.

Order insofar as appealed from unanimously reversed, on the law, without costs, motion granted and complaint dismissed.