(February 14, 1996)

■ In the Matter of CHARLES W. RYAN, Respondent, v LOUIS G. CARLO, JR., et al., Appellants, and BOARD OF ELECTIONS OF THE STATE OF NEW YORK, Respondent. [638 NYS2d 183] —Per Curiam. Appeal from a judgment of the Supreme Court (Hughes, J.), entered February 7, 1996 in Albany County, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming certain respondents as delegates and alternate delegates from the 24th Congressional District to the 1996 Republican National Convention in the March 7, 1996 primary election.

Petitioner, a registered Republican and resident of the 24th Congressional District, commenced this proceeding to invalidate the designating petition naming respondents Louis G. Carlo, Jr., Shirley Dubois, Michael Bentley, James F. Brannon, Robert H. Scott and Rexford M. Ennis (hereinafter collectively referred to as respondents) as delegates and alternate delegates to the 1996 Republican National Convention supporting Steve Forbes as President of the United States. Respondents, in turn, commenced a proceeding to validate their petition. These proceedings were consolidated by Supreme Court, which ultimately invalidated the designating petition on the ground that 257 voters residing in the City of Watertown, Jefferson County, who signed the petition failed to specify the correct election district. Respondents appeal.

Initially, respondents assert two affirmative defenses. In the first, they contend that the petition should have been dismissed for lack of subject matter jurisdiction because petitioner failed to comply with the filing requirements of CPLR 304. We agree with Supreme Court that this defense lacks merit. CPLR 304 provides, in pertinent part, that "[a] special proceeding is commenced by filing a notice of petition or order to show cause and a petition with the clerk of the court in the county in which the special proceeding is brought". This provision has been held applicable to proceedings commenced under the Election Law and compliance therewith has been held jurisdictional in nature (*see, Matter of Carnese v Ferraro*, 218 AD2d 770, *lv denied* 86 NY2d 704; *Matter of Zicari v Stewart*, 207 AD2d 951). The term "filing" is defined as "delivery of the [notice of petition or order to show cause and petition] to the clerk together with any fee required" (CPLR 304; *see, Enos v City of Rochester*, 206 AD2d 159, 161).

Here, petitioner's attorney hand-delivered the order to show cause and petition, together with the appropriate filing fee, to

an employee in the office of the Albany County Clerk. The employee took the check and instructed petitioner's attorney to take the papers to the clerk of the Supreme and County Courts across the hall, which petitioner's attorney did. Contrary to respondents' contention, the statute does not require that the notice of petition or order to show cause and petition be stamped by the County Clerk or placed on file under the assigned index number. CPLR 304 does not specify who must process the papers after their initial delivery to the County Clerk. We find, as did Supreme Court, that petitioner complied with the filing requirements of CPLR 304 so as to confer subject matter jurisdiction upon the court.

The next affirmative defense asserts that petitioner failed to join Forbes as a necessary party. We reject this argument as lacking merit. Unlike the Democratic Party, whose primary procedure requires Presidential candidates to file their own State-wide petition in addition to having delegates pledged to support them file their own petitions in each Congressional district, the Republican Party primary procedure does not require a separate State-wide filing by the Presidential candidates. This difference means that in the Republican Party primary, the delegates are the actual candidates for election in each district and, therefore, they are the real parties in interest. In *Matter of Fulani v Smith* (181 AD2d 940, *lv denied* 79 NY2d 755), on which respondents rely, we affirmed Supreme Court's dismissal of proceedings challenging the designating petitions of two Democratic Presidential candidates for the failure to join as necessary parties the Congressional district delegate candidates and an alternate, who had also filed petitions. We reasoned that the delegate and alternate candidates would be " 'inequitably affected' " (*supra*, at 941) if the relief requested by the petitioner was granted because they would lose the opportunity to appear on the ballot. That reasoning does not apply in the instant case because, as Supreme Court noted, Forbes is not an actual candidate for election in the 24th Congressional District.

Turning to the merits of the petition, we agree with Supreme Court that the record does not support respondents' contention that the failure to specify the appropriate election district on the designating petition, a fatal defect (*see, Matter of Morgan v Jenkins*, 208 AD2d 732; *Matter of Phanelson v Pabon*, 192 AD2d 609, *lv denied* 81 NY2d 708), resulted from voter confusion due to the 1995 redistricting of Watertown (*see, supra*). Accordingly, we find that Supreme Court properly invalidated the petition.

Cardona, P. J., White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.