■ David B. Dawson et al., Respondents, v Maria C. Bastine et al., Defendants, and Liberty Mutual Insurance Company, Appellant. [647 NYS2d 277] —In an action to recover damages for personal injuries, etc., Liberty Mutual Insurance Company appeals from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated July 26, 1995, as granted the plaintiffs' motion to serve the defendant Maria C. Bastine by alternative service pursuant to CPLR 308 (5).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, the action is dismissed as to the defendant Maria C. Bastine, and the action against the remaining defendant is severed.

Contrary to the plaintiffs' contentions, the court erred in granting their motion to serve a summons and complaint upon the defendant Maria C. Bastine pursuant to CPLR 308 (5) by serving the nonparty appellant Liberty Mutual Insurance Company (hereinafter Liberty Mutual), the insurer of the vehicle which Bastine was operating. Pursuant to CPLR 304, an action is commenced, *inter alia,* by filing a copy of the summons and complaint with the clerk of the court and by purchasing an index number *(see,* CPLR 304; *Matter of Gershel v Porr,* 226 AD2d 636; *Matter of Miner Co. v Lone Wolf Insulation,* 219 AD2d 831). In the instant matter, although the plaintiffs purchased an index number within the three-year period of limitations, they did not file a copy of their summons and complaint with the clerk within the limitations period and their

motion for permission to make substituted service upon Liberty Mutual was made after the expiration of the limitations period *(see,* CPLR 214 [5]; *Shivers v International Serv. Sys.,* 220 AD2d 357). Therefore, the action as to Bastine was never timely commenced and the court was without authority to permit substituted service following the expiration of the period of limitations. Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.