OPINION OF THE COURT
Ciparick, J.
The issue on appeal is whether petitioner satisfied the requirements of New York’s commencement-by-filing system in this special proceeding. Because petitioner withdrew the originally filed order to show cause and thereafter served a notice of petition on respondent without filing a new set of initia *329 tory papers and paying an additional filing fee, we hold that petitioner never properly commenced the special proceeding and the attempted service was a nullity.
On May 9, 1994, petitioner, Police Chief of Newburgh, was charged with misconduct by respondent, City Manager of New-burgh, based on allegations that petitioner used the City’s telephone and cellular phone for private calls without authorization and without thereafter paying for the calls. Petitioner was suspended from his job without pay pending an administrative hearing, and, as a result of scheduling problems, a hearing on the charges was adjourned several times. Under Civil Service Law § 75, the period of petitioner’s suspension without pay could not exceed 30 days, or until June 8, 1994. The City thereafter restored petitioner to the payroll effective June 30, 1994 — not June 8th — withholding petitioner’s wages for the three-week period of June 8th to June 30th as a setoff for money allegedly owed to it by petitioner for prior unauthorized absences.
Petitioner subsequently instituted a CPLR article 78 proceeding on July 12, 1994, by filing an order to show cause and verified petition with the Clerk of Orange County Supreme Court, seeking compensation for the disputed three-week period. On July 21, 1994, respondent moved to dismiss the order to show cause and petition for lack of personal jurisdiction pursuant to CPLR 3211 (a) (8), asserting that service was not made on an authorized person. On July 27, 1994, Supreme Court ordered a traverse hearing to determine if service had been properly made. At the calendar call of August 19, 1994, the date of the scheduled traverse hearing, counsel for petitioner declined to go forward with the hearing, stating that he would withdraw the order to show cause and re-serve the petition on respondent. The court marked the order to show cause "dismissed.” That same day, petitioner recast the order to show cause as a notice of petition and served it along with the petition on respondent, the papers bearing the same index number as the originally filed order to show cause.
On September 6, 1994, respondent again moved to dismiss for lack of jurisdiction, this time based on petitioner’s noncompliance with the filing requirements of CPLR 304 and 306-a by failing to purchase a new index number in conjunction with the notice of petition and petition served on August 19th. Supreme Court denied respondent’s motion to dismiss, concluding:
"[PJetitioner’s attorney informed the court that he *330 did not intend to proceed, was withdrawing the order to show cause, but would re[-]serve the papers, and the order to show cause (but not the proceeding) was marked 'dismissed.’ Petitioner has now re[-]served a notice of petition and petition using the index number originally assigned. Since petitioner’s time to serve process has not expired, the procedure followed is proper, and the motion is denied.”
Thereafter, respondent answered the petition and petitioner submitted a reply. Supreme Court ultimately entered judgment in petitioner’s favor.
On appeal from Supreme Court’s judgment, the Appellate Division reversed and dismissed the proceeding. The Appellate Division held that:
"the petitioner withdrew his initial order to show cause, and thus the proceeding was at that point effectively dismissed. * * * Because the petitioner failed to comply with the filing and fee requirements of CPLR 304 prior to serving the notice and petition on his second attempt to commence a CPLR article 78 proceeding, the instant proceeding was never actually commenced * * * and the court erred in denying the appellant’s motion to dismiss.” (226 AD2d 636, 637 [citations omitted].)
This Court granted petitioner’s motion for leave to appeal and we now affirm.
In 1992, the Legislature converted New York civil practice in the Supreme and County Courts from a commencement-by-service to a commencement-by-filing system (L 1992, ch 216). Thus, in Supreme and County Court practice, the Legislature made the payment of a filing fee and the filing of initiatory papers the acts that commence an action or a special proceeding (see, CPLR 304, 306-a; see generally, Matter of Spodek v New York State Commr. of Taxation & Fin., 85 NY2d 760, 763). Under the new filing system, service of process without first paying the filing fee and filing the initiatory papers is a nullity, the action or proceeding never having been properly commenced (see generally, Siegel, NY St L Dig No. 390, at 2-3 [June 1992]). The filing system does confer a significant benefit on petitioners and plaintiffs by making the simple task of filing the act that marks "interposition” of the claim for Statute of Limitations purposes (see, CPLR 203 [c] [1]), with a follow-up *331 grace period within which to effect service. Thus, in a special proceeding with a Statute of Limitations of four months or less, such as.a CPLR article 78 proceeding (see, CPLR 217), the petitioner, after the initial filing, has until 15 days after the expiration of the Statute of Limitations to effect service and file proof of service with the court (see, CPLR 306-b [a]; cf., id. [in an action, plaintiff has 120 days from the initial filing to effect service and file proof of service]).
By the same token, an action or special proceeding, which has been technically commenced upon filing, remains inchoate until follow-up service is effected and proof of service filed; failure to take the necessary follow-up steps in the time provided will result in the action being automatically "deemed dismissed” (CPLR 306-b [a]). Although the "deemed dismissed” is without prejudice, it can work harsh results when the Statute of Limitations has expired in the interim. In recognition of this procedural trap, the Legislature built a safety valve into the filing system to protect a party whose action or proceeding is dismissed for failure to file proof of service or failure to effect proper service. When such a dismissal occurs, the statute affords the petitioner in a special proceeding 15 days from the dismissal date — notwithstanding the interim expiration of the Statute of Limitations — in which to start over by purchasing another index number, refiling the initiatory papers, and effecting service of those papers on respondent (see, CPLR 306-b [b]; cf., id. [in an action, plaintiff has 120 days from deemed dismissed date to commence new action and effect service]; see generally, Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C306-b:2, C306-b:3, 1996 Pocket Part, at 84-86).
In this case, petitioner initially attempted to commence a special proceeding by paying a filing fee, securing an index number, filing with the court an executed order to show cause together with a petition, and attempting to serve these papers on respondent. Up to this point, petitioner had complied with the dictates of the commencement-by-filing formula, and if petitioner’s service had been proper and proof of service timely filed, the filing requirements would have been met. However, rather than contest respondent’s motion to dismiss for improper service, petitioner voluntarily withdrew the order to show cause and then served the petition on respondent along with a newly drawn, never-filed notice of petition. Petitioner contends that because the statutory period to file proof of service had not yet expired, he was justified in re-serving the peti *332 tion without recommencing. Petitioner’s argument is unavailing.
The procedure to commence a special proceeding, and its statutorily prescribed sequence, is manifest from the terms of the commencement-by-filing statute: the petitioner must first purchase an index number and file with the court a notice of petition or order to show cause along with a petition, then effect service of the filed papers on respondent, and finally file proof of service with the court within the statutory period (see, CPLR 304, 306-a, 306-b [a]). Basic to this statutory procedure is the rule that the papers served must conform in all important respects to the papers filed (see, Siegel’s Prac Rev No. 19, at 2 [May 1994]; Shivers v International Serv. Sys., 220 AD2d 357 [service of summons and complaint on defendant added to caption after filing is ineffective]).
In this case, once petitioner withdrew the order to show cause and Supreme Court marked it "dismissed,” the first proceeding was effectively abandoned because there was then no viable order to show cause or notice of petition in the file. Supreme Court was thereafter without authority to retain "jurisdiction” over a proceeding in which jurisdiction over respondent had not been established and the crucial initiatory paper abandoned. At that point, petitioner could not, and in fact did not, simply re-serve the papers already on file. Instead, petitioner served a newly drawn notice of petition along with the previously served petition — together comprising a new set of initiatory papers — without first satisfying the filing requirements.
By withdrawing the order to show cause rather than obtaining from the court a new return date and date by which service would be made of the filed order to show cause and petition, petitioner made the decision to start anew. Along with this decision came the obligation again to comply fully with the statutory filing requirements, that is, to file the notice of petition and the petition, pay the filing fee, secure an index number, effect service, and file proof of service within the prescribed period. Since petitioner did not take these steps, the new proceeding was never properly commenced and the attempted service was a nullity (see, Matter of Vetrone v Mackin, 216 AD2d 839, 841 [filing of jurisdictionally defective notice of petition followed by service of corrected notice of petition is ineffective in absence of additional filing and payment of filing fee]).
*333 Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
Order affirmed, with costs.