■ In the Matter of SIDNEY RAPOPORT, Petitioner, v FRANCES R. KOENIG, as Commissioner of the Tax Appeals Tribunal of the State of New York, et al., Respondents. [655 NYS2d 205] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of the Tax Appeals Tribunal which denied petitioner's application for a refund of real property transfer gains tax paid under Tax Law article 31-B.

Petitioner is the owner of real property located at 187-195 Hudson Street in New York City. In 1990, petitioner entered into an agreement whereby he leased the property for the period July 16, 1990 through May 31, 2039 at an annual rent of $490,000 and, for additional consideration of $499,990, granted an option to purchase the property, exercisable on July 1, 1995. It is undisputed that the transaction resulted in a taxable gain of $3,909,875; petitioner elected to pay the real property gains tax of $390,988 in 15 annual installments of $26,066. In 1991, after petitioner's payment of two installments of gains tax and interest, the lease agreement and all rights granted thereunder were terminated by mutual agreement of petitioner and the transferee. Petitioner thereafter sought a refund of the gains tax that had been paid, as well as a cancellation of the unpaid portion thereof. The Tax Appeals Tribunal denied petitioner's request by final determination dated August 31, 1995, challenged by petitioner in this CPLR article 78 proceeding, initiated in this Court pursuant to Tax Law § 2016.

As a threshold matter, we agree with respondents that the instant proceeding was not timely commenced. It is now settled law that a proceeding pursuant to Tax Law § 2016 is commenced when the notice of petition and petition are filed with the Clerk of the Appellate Division, Third Department (CPLR 304; see, Matter of Spodek v New York State Commr. of Taxation & Fin., 85 NY2d 760). Although petitioner's affidavit of service indicates that he mailed the petition and notice of petition to this Court on December 28, 1995, our internal records, of which we take notice, indicate that they were not received and filed until January 3, 1996, one day following the undisputed expiration of the four-month Statute of Limitations of Tax Law § 2016.

Were this not so, the result would be no different. There is no question that petitioner's 1990 grant of an option to purchase the property subjected him to real property transfer gains tax (see, Tax Law former § 1440 [4], [7] [a]; 20 NYCRR 590.28), and we have repeatedly held that the tax is based on the consideration paid or owing at the time of the transfer and

will not be affected by subsequent events that diminish the value of the property or change the value of the assets transferred (*see,* Tax Law former § 1440 [3]; *Matter of Fazkap Assocs. v Commissioner of N. Y. State Dept. of Taxation & Fin.,* 232 AD2d 747; *Matter of South Suffolk Recreation Ventures v Tax Appeals Tribunal,* 224 AD2d 874, *lv denied* 88 NY2d 803; *Matter of Wanat v Tax Appeals Tribunal,* 224 AD2d 873, *lv denied* 88 NY2d 803). Under the circumstances, we conclude that the Tribunal's determination was by no means erroneous, arbitrary or capricious.

Petitioner's constitutional challenge was not raised before the administrative tribunal and is found to lack merit in any event. Respondents' additional ground for dismissal has been rendered academic and need not be considered.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the petition is dismissed, without costs.