■ In the Matter of JERROLD GELBARD et al., Appellants, v BOARD OF ZONING APPEALS OF THE INCORPORATED VILLAGE OF NEW HYDE PARK et al., Respondents. [657 NYS2d 361] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review an amended resolution of the respondent Board of Zoning Appeals of the Incorporated Village of New Hyde Park dated December 7, 1994, which, in effect, denied that part of the

petitioners' application for a special use permit which was for permission to perform motor vehicle body repair work at the subject premises, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Lockman, J.), entered January 30, 1996, which, upon granting the respondents' motion to dismiss the proceeding as untimely, denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

Pursuant to Village Law § 7-712-c (1), the petitioners had 30 days after the filing of the amended resolution with the Village Clerk within which to commence a proceeding to review the propriety of that amended resolution. However, while the filing in this case occurred on December 8, 1994, it is undisputed that the petitioners did not commence this proceeding until on or about March 31, 1995. Accordingly, the Supreme Court properly dismissed the proceeding as untimely (*see, e.g., Matter of Kennedy v Zoning Bd. of Appeals,* 78 NY2d 1083; *see generally, Matter of Cartwright v Rose,* 162 AD2d 451).

The petitioners' contention that the respondents should be estopped from asserting the Statute of Limitations is unavailing. It is well settled that estoppel is generally unavailable against a municipality or governmental entity (*see, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, *cert denied* 488 US 801; *Matter of Gross v New York City Health & Hosps. Corp.,* 122 AD2d 793). Moreover, the petitioners have neither alleged nor demonstrated that the respondents engaged in any fraud, misrepresentation, concealment, or otherwise improper conduct (*see generally, Simcuski v Saeli,* 44 NY2d 442; *General Stencils v Chiappa,* 18 NY2d 125) which would warrant the imposition of estoppel (*see, e.g., Kroin v City of New York,* 210 AD2d 95; *Gleason v Spota,* 194 AD2d 764). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.