■ JOSEPHINE BURRELL, Appellant, v COUNTRYTOWNE APARTMENT PARTNERSHIP, Respondent. [669 NYS2d 430] —Mikoll, J. P. Appeal from an order of the Supreme Court (Monserrate, J.), entered April 11, 1997 in Broome County, which granted defendant's motion to dismiss the complaint.

Plaintiff alleges that she sustained injuries in a fall on September 15, 1993 at the Countrytowne Apartment complex in the City of Binghamton, Broome County. On September 13, 1996, plaintiff purchased an index number in the Broome County Clerk's office for an action entitled "Josephine Burrell vs. Franklin Hamilton Garden". The same day, she filed a complaint with the same caption, alleging that the named defendant was the owner and operator of the Countrytowne Apartments, and setting forth a cause of action relating to her fall. No summons was filed with this complaint. On September 16, 1996, plaintiff served the complaint on the resident manager of the apartment complex.

On September 26, 1996, after learning that the correct name of the intended defendant was Countrytowne Apartments Partnership, plaintiff attempted to file an amended complaint and a summons, bearing the caption "Josephine Burrell vs. Countrytowne Apartments Partnership" and the same index number as that purchased on September 13, 1996. The summons and amended complaint were also served on the resident apartment manager. The County Clerk's office rejected this filing because the caption on the summons and amended complaint did not correspond to the caption assigned to the index number. Meanwhile, unaware that the filing of the summons and amended complaint had been rejected, defendant answered the complaint and asserted the Statute of Limitations as an affirmative defense.

Defendant subsequently moved to dismiss the complaint on the ground that the Statute of Limitations had expired. Plaintiff cross-moved for permission to file the summons and amended complaint. Supreme Court dismissed the complaint on the ground that no action had been commenced. Plaintiff appeals, and we affirm.

CPLR 304 clearly provides that "[a]n action is commenced by filing a summons and complaint or summons with notice with the clerk of the court" together with the required fee (*see, Matter of Gershel v Porr*, 89 NY2d 327, 330). By not filing the summons on September 13, 1996, plaintiff did not commence an action or toll the Statute of Limitations period. The complaint was therefore properly dismissed (*see, e.g., Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 717; *Matter of Gershel v Porr*,

*supra*; *Matter of Graham v County of Fulton*, 235 AD2d 824; *Matter of Vetrone v Mackin*, 216 AD2d 839; *Kaplan v Manoli*, 100 AD2d 928, *affd* 64 NY2d 849).

In view of our conclusion, we do not address plaintiff's remaining contentions.

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.