■ BRIAN HARR, Appellant, v ALAN BIERNBAUM et al., Respondents. [673 NYS2d 342] —Order and judgment unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed the complaint on the merits because the action was not properly commenced pursuant to CPLR 304 and the Statute of Limitations had expired (*see, Dawson v Bastine*, 231 AD2d 548; *Shivers v International Serv. Sys.*, 220 AD2d 357). The maximum 10-year tolling period set forth in CPLR 208 is measured from the date of accrual of plaintiff's cause of action, not from the date of plaintiff's release from the Rochester Psychiatric Center (*see, Rivera v Brookdale Hosp. Med. Ctr.*, 205 AD2d 677). Although plaintiff contends that he has an additional cause of action for fraud that he recently discovered (*see*, CPLR 213 [8]), he has made no evidentiary showing to support that contention (*see, Sober v Kalina*, 208 AD2d 1140; *Tenenbaum v Long Beach Mem. Hosp.*, 206 AD2d 973). (Appeal from Order and Judgment of Supreme Court, Monroe County, Sirkin, J.—Dismiss Pleading.) Present—Pine, J. P., Lawton, Wisner and Balio, JJ.