■ In the Matter of BLANCHE R. ABRAMOV et al., Respondents, v BOARD OF ASSESSORS, TOWN OF HURLEY, ULSTER COUNTY, et al., Appellants. [684 NYS2d 326] —Graffeo, J. Appeal from judgment of the Supreme Court (Bradley, J.), entered October 29, 1997 in Ulster County, which, *inter alia*, upon reconsideration, in a proceeding pursuant to RPTL article 7, adhered to its prior decision denying respondents' motion to dismiss the petition for failing to timely commence the proceeding.

Petitioners commenced this tax certiorari proceeding to review tax assessments on real property located in the Town of Hurley, Ulster County. On July 30, 1996 petitioners purchased an index number and request for judicial intervention from the Ulster County Clerk but did not file the notice of petition and petition. On July 31, 1996 petitioners mailed the notice of petition, petition and copies of affidavits of service to the Supreme Court Calendar Clerk which were received on August 1, 1996. The Town Assessor of the Town of Hurley was personally served while the Ulster County Treasurer and respondents Onteora Central School District and Kingston Consolidated School

District were served by mail. The return date for the petition was August 20, 1996.

On or about January 21, 1997 respondents moved to dismiss the petition on the ground that the proceeding had not been timely commenced pursuant to RPTL article 7. Petitioners opposed the motion and cross-moved for an order nunc pro tunc allowing the filing of the original notice of petition and petition with the County Clerk. Supreme Court denied respondents' motion to dismiss the petition and granted petitioners' cross motion. The court reasoned that the proceeding was timely commenced notwithstanding the fact that the petition was not timely filed since petitioners purchased an index number and effected service on respondents prior to the expiration of the Statute of Limitations. After granting respondents' motion for reconsideration, Supreme Court adhered to its prior decision. Respondents now appeal.

A proceeding to review a real property tax assessment must be commenced by filing a petition in the manner set forth in CPLR 304 within 30 days after final completion and filing of the assessment roll (*see*, RPTL 704, 702 [2]), and failure to timely commence such a challenge constitutes a complete defense to the petition and subjects it to dismissal (*see*, RPTL 702 [3]). The manner for commencing such a proceeding entails the delivery of the notice of petition and petition to the clerk of the court along with the requisite filing fee (*see*, RPTL 704 [1]; CPLR 304; *Matter of Gershel v Porr*, 89 NY2d 327, 330; *Burrell v Countrytowne Apt. Partnership*, 247 AD2d 805; *Matter of Ryan v Carlo*, 224 AD2d 804, *lv denied* 87 NY2d 808).

This proceeding has been fraught with procedural irregularities and errors since its inception. Initially, petitioners purchased an index number and request for judicial intervention from the County Clerk, but inexplicably failed to file the notice of petition and petition at that time (*see*, CPLR 306-a; *see also*, 6 Siegel's Practice Review, New Filing System, at 1 [Aug. 1993]). Because service of process was effected prior to the clerk's receipt of the petition, and hence commencement of the proceeding (*see, Matter of Rapoport v Koenig*, 237 AD2d 820), petitioners failed to acquire personal jurisdiction over respondents (*see, Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 719-720; Siegel, NY Prac § 111, at 28 [2d ed 1998 Pocket Part]).

Next, although filing the petition by use of first class mail was not necessarily procedurally deficient (*see, e.g., Enos v City of Rochester*, 206 AD2d 159), it was mistakenly sent by petitioners to the "Supreme Court Calendar Clerk" rather than the

"Ulster County Clerk" (*see*, County Law § 525), despite having purchased an index number from the latter on the previous day. Although strict compliance with filing requirements is necessary, these defects are not necessarily fatal and are waived where, as here, respondents failed to raise timely objections on these issues (*see, Matter of Fry v Village of Tarrytown, supra*, at 720-722; Siegel, NY Prac § 63, at 18-19 [2d ed 1998 Pocket Part]; *see also*, CPLR 3211 [e]).

More importantly in this case, we must examine whether the Statute of Limitations defense was waived because respondents did not raise it as an affirmative defense and neglected to move to dismiss until five months after the return date of the petition. An objection based on the failure to timely commence a proceeding may be raised in one of two ways: in the answer as an affirmative defense, or in a motion to dismiss pursuant to CPLR 3211 (a) (5). Such a motion must be made prior to the time in which to serve an answer, and the failure to do so will result in a waiver of the defense unless raised in the responsive pleading (*see*, CPLR 3211 [e]; *cf.*, Siegel, NY Prac § 111, at 175-176 [2d ed]). Here, however, respondents were permitted, but not required, to serve an answer pursuant to RPTL 712. Moreover, the last sentence of RPTL 712 (1) provides that "[a] motion to dismiss the petition shall not be denied merely on the ground that an answer has been deemed made". The plain language of this statute compels the finding that respondents were not required to move to dismiss prior to the expiration of the time in which to answer (*see, Matter of Stowell v Lesser*, 67 AD2d 1068). In the absence of prejudice to petitioners due to respondents' delay, we are constrained to conclude that the Statute of Limitations defense was not waived.

Addressing the merits of respondents' motion, we conclude that petitioner clearly commenced this proceeding subsequent to the expiration of the Statute of Limitations. It is well settled that mailing is not tantamount to filing and the date of receipt is dispositive for commencement purposes; therefore, a proceeding is subject to dismissal if the petition is not timely received by the clerk of the court (*see, Matter of Rapoport v Koenig, supra*, at 820; *Matter of Pelt v City of New York Police Dept.*, 215 AD2d 208, 209; *Enos v City of Rochester, supra*, at 162; *see also*, CPLR 203 [c] [1]). The earliest date upon which the clerk of the court could have received the notice of petition and petition was August 1, 1996, which was after the expiration of the 30-day limitations period. Contrary to Supreme Court's finding, petitioners' "timely" purchase of an index number and mailing of the petition did not constitute "commencement" or

toll the Statute of Limitations (*see, Matter of Rapoport v Koenig, supra,* at 820; *Enos v City of Rochester, supra,* at 162; *see also, Matter of Vetrone v Mackin,* 216 AD2d 839, 841; *Dawson v Bastine,* 231 AD2d 548, 548-549), which cannot be extended by the issuance of an order nunc pro tunc (*see,* CPLR 201; *De Maria v Smith,* 197 AD2d 114, 117; *Matter of Cartwright v Rose,* 162 AD2d 451, 452; 23 Siegel's Practice Review, New Filing System, at 3 [Sept. 1994]). Based on the foregoing, respondents' motion should have been granted.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, motion granted and petition dismissed.