OPINION OF THE COURT
George B. Ceresia, Jr., J.
Petitioners, on September 15, 1998, commenced the above-captioned proceeding pursuant to article 7 of the Real Property Tax Law seeking review of the real property tax assessment on the premises commonly known as Barkley Heights Apartments, 221 Stowe Avenue in the City of Troy. Respondents have made a motion to dismiss the petition. It is indicated that petitioners had filed a similar petition in 1996, and that the 1996 proceeding was settled by written stipulation dated April 14, 1997, which reduced the 1996 assessment from $306,340 to $245,000. It is argued that petitioners are barred from reapplying for a reduction in assessment for three years, pursuant to RPTL 727 (1) and (3).
Petitioners oppose the motion arguing (1) that respondents waived any grounds they had under RPTL 727 (1) and (3) by not serving an answer to the petition; (2) that RPTL 727 (1) and (3) do not apply where a prior proceeding is settled; (3) that by the very wording of the stipulation, the respondents are prohibited from making use of the stipulation as an affirmative defense.
With respect to the issue of the asserted waiver of respondents’ defense, petitioners acknowledge that respondents could properly rely upon the provisions of RPTL 712 (1) which recites that where no answer is served all allegations of the petition are deemed denied. Petitioners argue, however, that by not serving an answer, respondents waived any affirmative defenses they might otherwise have possessed. The court notes that RPTL 712 (1) contains the following additional provision: “A motion to dismiss the petition shall not be denied merely on the ground that an answer has been deemed made”. This provision has been interpreted to permit subsequent motions to dismiss by respondent where no answer has been served (see, Matter of Stowell v Lesser, 67 AD2d 1068 [3d Dept 1979] [holding that respondent did not waive a Statute of Limitations defense by failing to serve an answer]). The court concludes that the defense has not been waived and may properly be asserted by motion.
RPTL 727 (1) recites as follows: “Except as hereinafter provided * * * where an assessment being reviewed pursuant *917 to this article is found to be unlawful, unequal, excessive or misclassified by final court order or judgment, the assessed valuation so determined shall not be changed for such property for the next three succeeding assessment rolls prepared on the basis of the three taxable status dates next occurring on or after the taxable status date of the most recent assessment under review in the proceeding subject to such final order or judgment.”
RPTL 727 (3) recites: “No petition for review of the assessment on such property shall be filed while the provisions of subdivision one of this section are applicable to such property.”
With respect to application of RPTL 727 (1) and (3) to the instant petition, the court notes that the stipulation so-ordered by the court on April 14, 1997 resulted in a significant reduction in petitioners’ assessment. In the court’s view, this court-ordered reduction in assessment fully satisfied both the spirit and intent of RPTL 727 (1). Accordingly, the court finds, absent an express provision in the stipulation to the contrary, that RPTL 727 (3) would operate as a complete bar to the instant proceeding.
While it is true that by the terms of the April 14, 1997 stipulation it could not be used for any purpose other than the voluntary settlement of that particular proceeding, no specific mention was made with regard to waiver of the statutory provisions of RPTL 727 (1) and (3) and/or the parties’ expressed intention to render RPTL 727 inapplicable. Under the circumstances, the court finds no impediment within the stipulation to respondent’s use of the stipulation in conjunction with RPTL 727.
The court concludes that RPTL 727 (1) and (3) operate as a bar to the instant proceeding. Respondents’ motion must therefore be granted and the petition dismissed.