■ NADIA FERRAN, Appellant, v WILLIAM BENKOWSKI, JR., Respondent. (And Another Related Action.) [687 NYS2d 464] —Peters, J. Appeal from an order of Supreme Court (Ceresia, Jr., J.), entered October 10, 1997 in Rensselaer County, which, inter alia, granted defendant's motion to dismiss the complaint for lack of jurisdiction.

In October 1996, plaintiff, acting pro se, purchased an index number from the Rensselaer County Clerk in an effort to commence an action against defendant pertaining to a real property dispute. Although plaintiff had several photocopies of her summons with notice with her at such time and had inscribed the purchased index number upon these documents, she never physically tendered the initiatory papers to the County Clerk for filing. Plaintiff thereafter arranged service of the summons upon defendant and ultimately received an affidavit of service. Notwithstanding defendant's timely demand for a complaint pursuant to CPLR 3012 (b), plaintiff concedes that she never filed the affidavit of service with the County Clerk within 120 days of the time that she thought that she had "filed" her summons. Believing her first action to have been dismissed pursuant to the provisions of CPLR 306-b, she purchased a new index number on February 6, 1997, inscribing the new index number on the summons. Again, plaintiff failed to properly tender a copy of her summons with notice to the County Clerk. Believing she had commenced a new action, she caused service upon

defendant who responded with a timely demand for a complaint. On April 1, 1997, plaintiff served defendant with a complaint, filed the affidavit of service with a copy of the summons attached, and filed a verified complaint with the County Clerk.

Although defendant failed to serve an answer to the April 1997 complaint or make a dispositive motion within the requisite time (see, CPLR 3012 [b]), he moved on May 8, 1997 to dismiss both actions on the ground that they were improperly commenced (see, CPLR 3211 [a] [8]). On May 9, 1997, plaintiff filed a new summons under the second purchased index number and had service effectuated upon the defendant. The affidavit of service was ultimately filed on May 16, 1997 and defendant served an answer to this complaint.

Supreme Court consolidated the actions listed under both index numbers into one action, but treated the matter as two separate actions. In so doing, the court ruled in favor of defendant on his CPLR 3211 motions and granted the request made by defendant for an extension of time in which to answer or appear with respect to the April 1997 complaint. Plaintiff appeals and we affirm.

Notwithstanding plaintiff's contention that the act of "presenting" a summons but not leaving a copy thereof for the clerk to file will satisfy the requirements of CPLR 304,* it is now well settled that "[s]trict compliance with CPLR 304 and the filing system is mandatory" (Matter of Fry v Village of Tarrytown, 89 NY2d 714, 723; see, Matter of Gershel v Porr, 89 NY2d 327). Hence, as the term "filing" under CPLR 304 has always "require[d] actual receipt of the papers by the clerk of the court" (Enos v City of Rochester, 206 AD2d 159, 162) and since the statutory history of the amendment to CPLR 304 defines " 'filing' for purposes of commencement of an action or special proceeding to include deposit of papers with * * * the county clerk" (Legislative Mem, 1996 McKinney's Session Laws of NY, at 2529), we agree with Supreme Court that both actions were never properly commenced.

Plaintiff's subsequent act of filing a summons with notice in May 1997 under the second purchased index number does not remedy these defects. Having purchased the second index

---

* CPLR 304 was amended in 1996, effective September 1, 1997 (L 1996, ch 606). Plaintiff contends that under the previous version, her presentation of the summons to the clerk without leaving a copy was sufficient. This contention is without merit as the requirement of delivery of the summons under either version of CPLR 304 cannot be said to be satisfied by merely purchasing an index number without the clerk actually receiving the papers to file (see, Enos v City of Rochester, 206 AD2d 159).

number, and having served defendant with a summons in February 1997, plaintiff was not permitted to file and serve a new summons that varied from the original action under the same index number without first obtaining judicial permission or purchasing a new index number (*see, Matter of Gershel v Porr, supra,* at 330-332; *Kelly v Delaney,* 248 AD2d 360, *lv denied* 92 NY2d 803; *Burrell v Countrytowne Apt. Partnership,* 247 AD2d 805). Hence, the third summons was a nullity.

Equally unavailing is plaintiff's contention that defendant waived the defense of lack of personal jurisdiction since it was. not raised in the answer served in June 1997 responding to the May 1997 summons. Since we find that a jurisdictional defense was asserted in defendant's motion to dismiss both actions. prior to answering the complaint under the second purchased index number, no waiver can be found. Finding defendant's demand for a complaint not to operate as an appearance or waiver of any jurisdictional objections (*see,* CPLR 3012 [b]; *Floyd v Brothers,* 249 AD2d 139, *lv denied* 92 NY2d 816; *cf., Fry v Village of Tarrytown, supra*), Supreme Court properly dismissed the underlying actions (*see, Matter of Gershel v Porr, supra*).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.