■ MARTHA R. MERIDETH, Individually and as Executor of HOWARD B. MERIDETH, Deceased, Plaintiff, v NORTH SHORE UNIVERSITY HOSPITAL AT GLEN COVE et al., Defendants. (Action No. 1.) MARTHA A. MERIDETH, Individually and as Executor of HOWARD B. MERIDETH, Deceased, Respondent, v WILLIAM C. COOPER, Appellant. (Action No. 2.) [722 NYS2d 906] —In two related actions to recover damages for medical malpractice and wrongful death, William C. Cooper, a defendant in both actions, appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated June 20, 2000, which granted the motion of the plaintiffs in Action No. 2 for reargument of his motion for summary judgment dismissing the first cause of ac-

tion asserted against him in that action, and, in effect, upon reargument, vacated an order of the same court, dated March 20, 2000, granting the motion, and denied that motion.

Ordered that the order dated June 20, 2000, is reversed, with costs, the motion for reargument is denied, and the order dated March 20, 2000, is reinstated.

Within one year of the death of the plaintiffs' decedent, the plaintiffs commenced Action No. 1 against the appellant and other defendant health care providers to recover damages for medical malpractice and wrongful death. However, the plaintiffs were unable to serve the appellant and file proof of service within the 120-day period provided by CPLR former 306-b (a) (L 1992, ch 216). That action was, therefore, automatically dismissed insofar as asserted against the appellant (see, Matter of Gershel v Porr, 89 NY2d 327; Matter of Ulster Hgts. Prop. v Assessor of Town of Orangetown, 261 AD2d 478; Nam Jin Chung v M & S Deli, 256 AD2d 317). Thereafter, the Statute of Limitations expired on the plaintiffs' medical malpractice cause of action.

The plaintiffs availed themselves of the savings provision of CPLR former 306-b (b) and commenced Action No. 2 against the appellant alone (see, Matter of Gershel v Porr, supra; Martino v Ford, 261 AD2d 516). However, the appellant was not served within the 120-day period provided by CPLR former 306-b (b). Accordingly, since proof of service was not filed within that time, Action No. 2 was also automatically dismissed.

The plaintiffs then moved, ex parte, pursuant to CPLR 308 (5) for leave to serve the appellant by serving his malpractice insurance carrier, or by serving him by mail. The plaintiffs contended that alternate service was necessary because their process server was unable to locate the appellant's residence. The Supreme Court (Roberto, J.), granted the motion and gave the plaintiffs 30 days in which to serve the appellant by ordinary mail at his last known post office address and by certified mail to his insurance carrier, and to file proof of service.

Contrary to the plaintiffs' contentions and the holding of the Supreme Court, the ex parte order (Roberto, J.) obtained by the plaintiffs pursuant to CPLR 308 (5) permitting alternate service upon the appellant in Action No. 2 was of no effect, as they did not move for relief until after the expiration of both the Statute of Limitations and the 120-day period in which they were required to file proof of service. By that time, Action No. 2 had been automatically dismissed. Justice Roberto, therefore, was "without authority to permit substituted service

following the expiration of the period of limitations" (*Dawson v Bastine,* 231 AD2d 548, 549).

Furthermore, the plaintiffs' contention that the 120-day period was extended by Justice Roberto's order pursuant to CPLR 2004 is without merit. We note with disapproval the plaintiffs' selective recitation of facts in support of that motion, which concealed the fact that the 120-day period had expired before they sought relief. The plaintiffs' motion was clearly to obtain leave to serve the appellant and his malpractice insurance carrier by mail pursuant to CPLR 308 (5) due to the plaintiffs' inability to locate the appellant's residence to effectuate personal service.

Since Action No. 2 was automatically dismissed upon the expiration of the 120-day period provided by CPLR former 306-b (b), the Supreme Court correctly granted the appellant's motion for summary judgment dismissing the plaintiffs' first cause of action in Action No. 2 in its order dated March 20, 2000, and erred in vacating that order on reargument, and the order dated March 20, 2000, is reinstated.

The plaintiffs' remaining contentions are without merit. S. Miller, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.