■ In the Matter of HEIDI J. WALKER, Doing Business as SUPERIOR FUELS, Respondent, v STATE OF NEW YORK, DEPARTMENT OF TAXATION AND FINANCE, et al., Appellants. [753 NYS2d 540] —Rose, J. Appeal from an amended judgment of the Supreme Court (Teresi, J.), entered February 13, 2002 in Albany County, which, in a proceeding pursuant to CPLR article 78, directed respondents to return all records in their possession to petitioner.

In the course of an investigation and audit by the Petroleum, Alcohol & Tobacco Bureau of the Office of Tax Enforcement of respondent Department of Taxation and Finance, the records of petitioner's fuel distribution business for 1998 to 2001 were seized and retained by respondents. Petitioner then presented Supreme Court with a proposed order to show cause and petition in a purported CPLR article 78 proceeding seeking to compel respondents to return her business records, as well as the originals and copies of the written *Miranda* warning she had initialed during the investigation. Based on petitioner's failure to purchase an index number, file the order to show cause and petition, and make proper service, respondents moved to dismiss the petition for, inter alia, lack of personal jurisdiction. On the return date, respondents provided a full set of the records to petitioner and Supreme Court dismissed the proceeding as jurisdictionally deficient. Some weeks later, however, before entry of judgment and without notice to respondents, Supreme Court amended its judgment to direct respondents to immediately deliver all original records and any copies in their possession to petitioner. Respondents appeal the amended judgment.

Since Supreme Court was deprived of jurisdiction by petitioner's failure to properly commence this proceeding and make proper service, we are constrained to modify the amended judgment and reverse the direction to return petitioner's records. A CPLR article 78 proceeding is commenced by

purchasing an index number and filing a notice of petition or order to show cause along with the petition (*see* CPLR 304, 306-a). Also, service of process must be made and proof of service filed after commencement (*see* CPLR 306-b). As a result, "service of process without first paying the filing fee and filing the initiatory papers is a nullity, the action or proceeding never having been properly commenced" (*Matter of Gershel v Porr*, 89 NY2d 327, 330; *see Matter of Salvador v Town of Queensbury*, 258 AD2d 735, 736). In addition, personal jurisdiction is not obtained where "service of process [is] effected prior to the clerk's receipt of the petition" (*Matter of Abramov v Board of Assessors of Town of Hurley*, 257 AD2d 958, 959). In light of petitioner's undisputed failure to comply with the applicable filing and service requirements,* Supreme Court correctly decided to dismiss the petition for lack of personal jurisdiction over respondents. However, the court then erred in partially granting, without comment, the relief requested in the petition. Once the procedural defects were confirmed, Supreme Court had no jurisdiction to grant any relief other than dismissal of the proceeding (*see Ayton v Bean*, 60 NY2d 768).

This conclusion renders academic respondents' additional contentions as to Supreme Court's failure to consider their alternate grounds for dismissal and afford them an opportunity to answer the petition before partially granting the petition.

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the amended judgment is modified, on the law, without costs, by reversing so much thereof as directed respondents to return all records to petitioner, and, as so modified, affirmed.

---

* Although petitioners subsequently purchased an index number and filed the order to show cause and petition, there is no indication in the record that personal service of the papers was ever accomplished following such filing.