■ MARYANNE P. SANGIACOMO, Appellant, v COUNTY OF ALBANY et al., Respondents. [754 NYS2d 769] —Kane, J. Appeal from an order of the Supreme Court (Teresi, J.), entered March 1, 2002 in Albany County, which granted defendants' motions for, inter alia, summary judgment dismissing the complaint.

---

In September 1998, plaintiff was injured when she slipped and fell on a set of stairs while attending a concert at the Pepsi Arena in the City of Albany. In December 1999, plaintiff purchased an index number and filed a verified complaint in the Albany County Clerk's office against defendants. No summons nor summons with notice was filed with the complaint nor served upon defendants. After service of the complaint upon defendants, they, with the exception of defendant Clough, Harbour and Associates, L.L.P., interposed an answer denying liability and asserting, inter alia, the affirmative defense of lack of personal jurisdiction. Clough Harbour neither answered nor participated in discovery.

Discovery was conducted, including the taking of depositions of witnesses. After discovery was complete and the statutes of limitations had run,* Clough Harbour moved to dismiss the action pursuant to CPLR 3211 (a) (5), (7), (8) and (h), and, in the alternative, CPLR 3212 (i). Defendants County of Albany, SMI, SMG, Hyatt Hotel Corporation and Aramark Services, Inc. cross-moved for similar relief. Supreme Court granted the motions, determining that since plaintiff had neither filed nor served a summons, the action had never been properly commenced, and such failure implicated the court's power to adjudicate, rather than personal jurisdiction. Plaintiff appeals, and we affirm.

It is well established that under the commencement by filing system, "service of process without first paying the filing fee and filing the initiatory papers is a nullity, the action or proceeding never having been properly commenced" (*Matter of Gershel v Porr*, 89 NY2d 327, 330; *see* CPLR 304; *Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 719). Plaintiff concedes that the action had never been properly commenced, but contends that the failure to file and serve a summons is not a matter of subject matter jurisdiction, as Supreme Court determined, but rather constitutes a personal jurisdictional defect, which is waivable by defendants. According to plaintiff, by failing to move timely to dismiss the complaint pursuant to CPLR 3211 (e), defendants have waived any defense of lack of personal jurisdiction. In support of her position, plaintiff relies primarily on the holding in *Matter of Fry v Village of Tarrytown* (*supra*) for the proposition that the failure to file a summons is analogous to a defect in service of process. As it is

---

* The statute of limitations applicable to Clough Harbour and defendants SMI, SMG, Hyatt Hotel Corporation and Aramark Services, Inc. is three years; the claims against defendant County of Albany are governed by the one year and 90-day statute of limitations.

axiomatic that defects in service of process, and thus defects in commencement, are waived if the defendant appears in the action without raising an objection, plaintiff contends that the failure to file a summons is waivable because it is a matter of personal not subject matter jurisdiction.

We are not similarly persuaded. Pursuant to CPLR 304, "filing shall mean the delivery of the * * * summons and complaint * * * together with any fee required" (*see Ferran v Benkowski*, 260 AD2d 690, 691). The filing requirements of CPLR 304 "cannot be said to be satisfied by merely purchasing an index number without the clerk actually receiving the papers to file" (*id.* at 691; *see Enos v City of Rochester*, 206 AD2d 159).

This is not, as plaintiff suggests, merely a matter of improper filing, as was the case in *Matter of Fry v Village of Tarrytown* (*supra*) wherein the petitioner failed to satisfy the commencement by filing requirements of CPLR 304 when she filed an unexecuted order to show cause and petition with the county clerk. In determining that the court's power to adjudicate the case was not implicated, and that the insufficiency of the filed papers went to personal jurisdiction, the Court of Appeals in *Matter of Fry v Village of Tarrytown* (*supra*) reasoned that an "absence of an express statutory limitation on the court's subject matter jurisdiction [and] the purpose and * * * structure of the filing requirements likewise do not evince an implicit limitation on subject matter jurisdiction" (*id.* at 719). The Court further determined that the purchase of the index number and filing fees are only revenue measures. Therefore, because the petitioner had paid the requisite filing fee and "the defective filing related only to the sufficiency of the filed papers, * * * the court's principal interest in the filing system was satisfied" (*id.* at 719), and the respondent's failure to raise an objection to a defect in filing constituted waiver (*id.*).

However, strict compliance with the statute is required (*see* CPLR 304; *Matter of Gershel v Porr*, 89 NY2d 327, 332, *supra*), and "[w]hile *defects* in filing are waived if the party appears and litigates on the merits, *nonfiling* of the papers necessary to institute the action is a nonwaivable, jurisdictional defect" (*Matter of Montecalvo v Columbia County*, 274 AD2d 868, 869-870, *lv denied* 95 NY2d 767 [citation omitted] [emphasis in original]; *see Perez v Paramount Communications*, 92 NY2d 749, 754 ["a defective filing may be waivable as long as the filing fee is paid"]). Under the circumstances here, to wit, a nonfiling, the subject matter jurisdiction of the court has not been invoked resulting in a nonwaivable defect. Accordingly,

defendants' participation (with the exception of Clough Harbour) in discovery does not constitute a waiver. Since plaintiff, by not filing the summons, failed to commence the action or toll the statute of limitations period (*see Burrell v Countrytowne Apt. Partnership*, 247 AD2d 805, 805), the action is now time-barred.

Even if we were to consider the failure to file the summons waivable, we are not satisfied that defendants waived the defense of lack of jurisdiction. As correctly observed by Supreme Court, defendants asserted an affirmative defense to jurisdiction in their answers and thus their appearances in the action do not confer jurisdiction. Since the jurisdictional defect asserted relates to commencement and not to service of process, defendants had no obligation to move pursuant to CPLR 3211 (e). Nor do we agree with plaintiff that the defense of the failure to file a summons constitutes a surprise and thus is waived. Significantly, based on the record before us, as early as May 2000, in response to defendants' CPLR 306-a demand on plaintiff, plaintiff acknowledged that only a verified complaint was filed in December 1999. Clearly, plaintiff was cognizant of her failure to file the summons and had sufficient time within which to correct what she has characterized as "law office oversight" prior to the expiration of the applicable statute of limitations periods. Plaintiff's complaint against defendants was properly dismissed in light of her failure to file the summons within the appropriate statutory limitations periods.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered the order is affirmed, with one bill of costs.